Michael S. Freeman, Colo. Bar #30007 (*Admitted Pro Hac Vice*)
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO  80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)
mfreeman@earthjustice.org

Megan L. Hayes (Bar. No. 6-2891)
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com

*Attorneys for Respondent-Intervenors Sierra Club, Earthworks, The Wilderness Society, Western Resource Advocates, Conservation Colorado Education Fund, and Southern Utah Wilderness Alliance*

Nathan Matthews, Cal. Bar # 264248 (*Admitted Pro Hac Vice*)
SIERRA CLUB
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5695 (phone)
nathan.matthews@sierraclub.org

*Attorney for Respondent-Intervenor Sierra Club*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, et al., | )   2:15-CV-00043-SWS [Lead] |
|      Petitioners, | ) |
|           v. | )   [Consolidated With 2:15-CV-00041] |
| | ) |
| UNITED STATES DEPARTMENT OF | )   Assigned:  Hon. Scott W. Skavdahl |
| THE INTERIOR, et al. | ) |
|      Respondents, | ) |
| | )   MEMORANDUM IN SUPPORT OF |
| SIERRA CLUB, et al., | )   RESPONDENT-INTERVENORS' |
| | )   MOTION FOR FINAL JUDGMENT OR |
|      Respondent-Intervenors. | )   STAY OF DISTRICT COURT |
| | )   PROCEEDINGS PENDING APPEAL |

**INTRODUCTION**

Respondent-Intervenors (collectively the "Citizen Groups") respectfully request that the Court consolidate its September 30 Order on Motions for Preliminary Injunction (Dkt #130) (the "September 30 Order" or "Preliminary Injunction Order") with a final judgment on the merits. Alternatively, the Citizen Groups respectfully ask the Court to stay proceedings in this case pending resolution in the Tenth Circuit of an appeal of the Court's Preliminary Injunction Order.

On September 30, 2015, the Court enjoined the Bureau of Land Management's ("BLM") recently-promulgated rule addressing hydraulic fracturing and well completions on federal and indian lands (the "Rule"). The Court ruled as a matter of law that BLM lacks authority to enact such a rule. See Dkt # 130 at 22. Because the Court has ruled as a matter of law, further proceedings on the merits of Petitioners' claims before this Court would be unnecessary and wasteful. Therefore, the Citizen Groups request that the Court consolidate its Preliminary Injunction Order with a ruling on the merits that the Citizen Groups can appeal as a final judgment.[1]

Alternatively, if the Court opts not to consolidate, the Citizen Groups will appeal the Preliminary Injunction Order and request that the Court stay these proceedings while the Tenth Circuit considers that appeal. A stay would be in the interest of judicial economy and would foster the just, speedy, and inexpensive determination of this case.

In either alternative, the Rule will not be in effect during an appeal. For that reason, Petitioners will suffer no prejudice from either consolidation or a stay of these proceedings pending appeal.

---

[1] The Citizen Groups expressly reserve their right to appeal such a final judgment and intend to do so.

**ARGUMENT**

## I.   THE COURT SHOULD CONSOLIDATE ITS PRELIMINARY INJUNCTION ORDER WITH A FINAL JUDGMENT ON THE MERITS

This Court should enter a final judgment in this case because it has already determined that BLM lacks the legal authority to issue the disputed regulation.  Because of that dispositive legal ruling, proceedings over the scope of the administrative record, or further briefing on the merits, will very likely be immaterial to a final judgment entered in this Court.

Federal Rule of Civil Procedure 65(a)(2) allows a court to consolidate the preliminary injunction proceedings with a decision on the merits.  Consolidation is appropriate – even after the conclusion of the preliminary injunction hearing – where there is no genuine issue of material fact and judgment is issued as a matter of law.  See PLC Partners, LLC v. Bank of Am., N.A., No. 10-CV-141-D, 2010 WL 4627729, *4 (D. Wyo. Nov. 12, 2010) (district court consolidating a preliminary injunction hearing with a trial on the merits after the closure of the hearing where both the injunction and the merits involved only a "small number of identical, straightforward factual issues");  Frentheway v. Bodenhamer, 444 F. Supp. 275, 276 (D. Wyo. 1977) (similar).

For example, in Campaign for Family Farms v. Glickman, the appeals court found that consolidation was appropriate because it faced a "purely legal issue on a fixed administrative record . . . ." 200 F.3d 1180, 1186-87 (8th Cir. 2000); see also Communications Maint., Inc. v. Motorola, Inc., 761 F.2d 1202, 1205-06 (7th Cir. 1985) (upholding the trial court's grant of summary judgment based on preliminary injunction hearing when the record as a whole showed that there was there was no genuine issue of material fact).  Similarly, in U. S. ex rel. Goldman v. Meredith, the court upheld the district court's sua sponte decision to rule on the merits after a preliminary injunction hearing when the parties had stipulated to the facts and the court ruled as a matter of law.  596 F.2d 1353, 1358 (8th Cir. 1979).  The court explained that consolidation

2

may be appropriate "whenever the evidence presented at the preliminary hearing indicates that there is no conflict of material fact that would justify holding the full trial on the merits."  Id.

In this case, the Court has already ruled that BLM lacks legal authority to promulgate the Rule.  That dispositive legal ruling "is the end of the matter," Dkt # 130 at 22, and makes any further administrative record review and briefing immaterial to the outcome of this case.  Whatever additional facts or legal arguments may be presented about whether the Rule is arbitrary and capricious or supported by the administrative record, they will not change the result if BLM does not have the legal authority to issue the Rule at all.  For that reason, further litigation over the merits and on Petitioners' far-reaching motions to complete or "modify" the administrative record would be unnecessary and wasteful.

The waste of resources from continuing to litigate at this stage would be substantial.  First, the Court will have to review and decide Petitioners' motions to complete or "modify" the administrative record.  See Dkt ## 137, 138; see also Dkt ## 140-142 (dispute over timing of BLM's response to Petitioners' motions).  Petitioners have asked for an order requiring BLM to "review each of the documents in BLM's privilege log and complete the record" with additional documents.  Dkt # 137 at 8.  If the motions are granted, that review process will inevitably be very resource-intensive and time-consuming for the agency given the size of the administrative record in this case – consisting of nearly one million pages of material.  Following BLM's review, further disputes over the record can be expected, which this Court will need to resolve.  See Dkt # 138-1 at 14 (state petitioners requesting that "once BLM has filed . . . a revised administrative record and privilege log, [the Court] provide Petitioners with . . . an opportunity to . . . seek relief from this Court should there remain any irregularities in the administrative

record").[2]  After that, the Court will face the main event in this case: briefing on the merits.

Given the number of participants in this case (six separately-represented parties or groups of

parties), the Court can expect to receive numerous and lengthy merits briefs.

All of that litigation will almost inevitably lead to the same conclusion the Court reached

on September 30: setting aside or enjoining the Rule as contrary to law and arbitrary and

capricious.  See Dkt # 130 at 52-54.  Because of the Court's legal ruling on BLM's authority,

further litigation will very likely be immaterial to the outcome.  Pursuant to PLC Partners,

Frentheway, Glickman and other cases, consolidation and issuance of a final judgment is

appropriate.

Consolidation is also appropriate because it will not prejudice Petitioners.  Courts have

rejected challenges to consolidation where the party opposing consolidation cannot show

prejudice.  For example, in Holly Sugar Corp. v. Goshen Cnty. Co-op. Beet Growers Ass'n, the

Tenth Circuit upheld a district judge's consolidation of a preliminary injunction hearing with a

trial on the merits over the objection of one of the parties when the objecting party could not

show how it was prejudiced.  725 F.2d 564, 568 (10th Cir. 1984); see also Socialist Workers

Party v. Illinois State Bd. of Elections, 566 F.2d 586, 587 (7th Cir.1977) (per curiam), aff'd on

other grounds, 440 U.S. 173 (1979) (rejecting challenge to final judgment at the preliminary

---

[2] The States' motion to complete the record actually supports conversion of the September 30
Order to a final judgment.  The States ask this Court to "remand the administrative record to
BLM . . . ."  Dkt # 138-1 at 14.  But the authority they cite for that request does not involve
remanding administrative records.  Instead, it involves remanding the agency's decision.  The
cases relied on by the States hold that where an administrative record is insufficient to support an
agency action or to allow judicial review, courts should remand the challenged decision to the
agency.  See Sierra Club-Black Hills Grp. v. U.S. Forest Serv., 259 F.3d 1281, 1289 (10th Cir.
2001); Fla. Power & Light Co. v. Lorian, 470 U.S. 729, 744 (1985) (cited in Dkt # 138-1 at 13).
Given the Court's September 30 ruling that the administrative record is insufficient to support
the Rule, the proper result is to issue a final judgment setting aside and remanding the Rule,
rather than directing BLM to consider adding more documents to that record.

injunction stage when the party could not demonstrate  prejudice).

Here, Petitioners will suffer no prejudice because converting the Preliminary Injunction Order to a final judgment will give them all the relief they can obtain after further proceedings on the merits: a decision setting aside the Rule as unlawful.  Even if the parties go through years of additional litigation in this Court, there is no basis to believe a subsequent final judgment will award Petitioners any further relief.

 Moreover, Petitioners already have had ample opportunity to present their challenge to the Rule.  The September 30 Order resulted from much more extensive litigation over the merits than in a typical preliminary injunction proceeding.  The Court received hundreds of pages of legal and fact briefing, and held a day-long evidentiary hearing.  But before enjoining the Rule, the Court also waited for the administrative record to be lodged and directed the parties to review the record and submit record citations in support of their positions.  Dkt ## 96, 97.  Petitioners, BLM, and the Citizen Groups all undertook an expedited record review and filed extensive supplemental briefs based on that review, Dkt ## 118-127, which the Court considered in issuing its preliminary injunction.  This process more closely resembled expedited merits briefing than a normal preliminary injunction proceeding.  See PLC Partners, No. 10-CV-141-D, 2010 WL 4627729 at * 4 (noting that final judgment was appropriate after preliminary injunction hearing because "Plaintiff was, in fact, provided requested discovery" prior to the injunction hearing).  Petitioners have had ample opportunity to present the merits of their case, which is another reason they will suffer no unfair prejudice from conversion of the September 30 Order to a final judgment.

In contrast, delaying resolution of this case will prejudice Respondents and the Citizen Groups.  The Tenth Circuit has noted that when a court issues a preliminary injunction, it should

seek to conclude the litigation at the earliest possible date.  See, e.g., Continental Oil Co. v. Frontier Ref. Co., 338 F.2d 780, 783 (10th Cir. 1964).  Without a final judgment (or a stay), Respondents and the Citizen Groups will be required to devote substantial resources to litigating issues that will almost certainly prove immaterial to the outcome of the case.  Resolving this case promptly will minimize the adverse impacts on Respondents and the Citizen Groups.

In short, consolidation will serve the important function of concluding litigation in this Court as promptly as possible while not causing any prejudice to Petitioners, who will through consolidation obtain all the relief they could get from further litigation.

## II.   ALTERNATIVELY, THE COURT SHOULD STAY PROCEEDINGS PENDING APPEAL

In the alternative, if the Court does not consolidate its September 30 Order with a judgment on the merits, it should stay proceedings in this Court while the preliminary injunction is appealed.  It would be a waste of the resources of the Court and the parties to pursue further litigation while the Tenth Circuit is reviewing the Court's dispositive ruling that BLM lacks legal authority to adopt the Rule.  If the Tenth Circuit affirms the September 30 Order, further proceedings in this Court may be unnecessary.  And even if a Tenth Circuit decision does not end the litigation, its ruling will substantially clarify the parameters and issues in this case.

Courts possess broad inherent powers to stay proceedings in the interest of judicial economy.  See Landis, et al. v. North American Co., 299 U.S. 248, 254 (1936); Will v. Calvert Fire Insurance Co., et al., 437 U.S. 655, 665 (1978) (same). "Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants."  Association of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (internal quotation omitted).  A

court should seek to provide "economy of time and effort for itself, for counsel, and for litigants." <u>Landis</u>, 299 U.S. at 254.  Courts also consider whether a stay would prejudice the parties. <u>See</u> <u>Beltronics USA, Inc. v. Midwest Inventory Distribution LLC</u>, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008).

For example, in <u>Beltronics USA, Inc.</u>, the district court granted a preliminary injunction where the "root" question presented involved the legal interpretation of a trademark issue.  545 F. Supp. 2d at 1189.  Defendants appealed the ruling and requested that the district court stay the proceedings pending resolution on appeal.  <u>Id.</u>  The court granted the stay, finding that resolving the legal question "would significantly advance the course of [the] litigation."  <u>Id.</u> at 1190. Regardless of who won on appeal, reasoned the court, "resolution of [the legal] issue by the Tenth Circuit could clarify the appropriate parameters for future discovery and motion practice in this case, thereby streamlining the course of this litigation."  <u>Id.</u>  The court also held that "a stay would further the just, speedy, and inexpensive determination of this action."  Id. at 1189; <u>see also</u> <u>Boellstorf v. State Farm Mutual Automobile Insur. Co.</u>, No. 05-cv-2192, 2007 WL 552247, **4-5 (D. Colo. Feb. 20, 2007) (staying summary judgment briefing pending the resolution of an interlocutory appeal when doing so would "accelerat[e] the resolution of potentially controlling issues so as to minimize the expense of litigation"); <u>Dordt Coll. v. Burwell</u>, No. C 13-4100-MWB, 2014 WL 5454649, * 2 (N.D. Iowa Oct. 27, 2014) (staying proceedings pending appeal of preliminary injunction because appellate decision "will likely simplify, if not resolve, the issues in question" without requiring briefing of same issues in the district court) (citation omitted).

The same is true in this case.  As in <u>Beltronics</u>, the Court based its September 30 Order on a dispositive legal ruling.  A stay here would promote efficiency because if the Tenth Circuit

affirms this Court's ruling that BLM lacks the authority to promulgate the Rule, that appellate decision will make further proceedings in this Court unnecessary.  Alternatively, a Tenth Circuit affirmance of this Court's other holdings that the Rule is arbitrary and capricious may also avoid any need for further litigation, or at least narrow the issues substantially.  Requiring the Court and parties to pursue months of litigation and other proceedings while these dispositive issues are resolved on appeal would represent a complete waste of party and judicial resources.  See Diocese of Cheyenne v. Sebelius, No. 2:14-cv-00021-SWS, Dkt ## 53-54 (D. Wyo. June 2, 2014) (granting motion to stay proceedings pending appeal from denial of preliminary injunction motion where appeal was expected to address same legal issues facing district court); Dordt, No. C 13-4100-MWB, 2014 WL 5454649 at * 2 (noting that "stay will likely simplify, if not resolve, the issues in question").

Even if the Tenth Circuit does not eliminate the need for further proceedings in this Court, an appellate decision will substantially clarify the parameters of this case on remand.  See Beltronics, 545 F. Supp. 2d at 1190; Association of Irritated Residents, 634 F. Supp. 2d at 1094 (where resolution of interlocutory appeal could "alter the direction of the current proceedings . . . . [i]t would be a waste of judicial and party resources to proceed with the other claims while the appeal is pending); Dordt, 13-4100-MWB, 2014 WL 5454649 at * 2.  For example, this Court concluded that the Rule likely is arbitrary and capricious because "public concern" about "potential impacts" to ground water "cannot justify comprehensive rulemaking."  Dkt # 130 at 23.  This ruling goes to the heart of how much evidence of harm (and what kind of evidence) an agency needs to support new environmental regulations.  The Tenth Circuit's review of this decision will inform this Court's consideration of other arguments by Petitioners on remand.

Further, the Court faulted BLM for not identifying states that lack "adequate" hydraulic fracturing regulations, and ruled that "a desire for uniformity" in managing federal lands is an "insufficient" basis for the Rule.  Dkt # 130 at 27.  A decision from the Tenth Circuit on the extent to which BLM must defer to state regulations before adopting federal counterparts will inform the analysis of other aspects of the Rule, should Petitioners challenge them on remand. Similarly, a ruling from the Tenth Circuit on the amount and type of consultation required with Indian tribes will provide guidance if the Ute Tribe offers additional evidence or arguments on this claim.  Thus, waiting for Tenth Circuit guidance before further proceedings ensue in this Court will significantly advance the course of the litigation.

Moreover, Petitioners would suffer no prejudice from a stay.  BLM's Rule has been enjoined pending further proceedings, and Industry Petitioners' members will not be required to comply with the Rule during the appeal.  For all of these reasons, the Court should grant the motion for a stay pending appeal if it does not consolidate its Preliminary Injunction Order with a final judgment on the merits.

**CONCLUSION**

The Citizen Groups respectfully request that this Court consolidate its Preliminary Injunction Order with a final judgment on the merits.  Alternatively, the Citizen Groups request that the Court stay proceedings in the district court pending their appeal of the Preliminary Injunction Order.

Dated:  November 16, 2015

<u>s/Michael S. Freeman</u>
Michael S. Freeman
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO  80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)
mfreeman@earthjustice.org

Megan L. Hayes
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com

*Attorneys for Respondent-Intervenors*
*Sierra Club, Earthworks, The Wilderness*
*Society, Western Resource Advocates,*
*Conservation Colorado Education Fund,*
*and Southern Utah Wilderness Alliance*

Nathan Matthews
SIERRA CLUB
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5695 (phone)
nathan.matthews@sierraclub.org

*Attorney for Respondent-Intervenor*
*Sierra Club*

10