JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
WILLIAM E. GERARD
JODY H. SCHWARZ
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 616-9663
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
DAVID A. CARSON
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
303-844-1349
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, et al., | ) | Civil Case No. 15-CV-43-SWS |
| | ) | (consolidated with 15-CV-41-SWS) |
| *Petitioners*, | ) | |
| v. | ) | **FEDERAL RESPONDENTS'** |
| | ) | **REPLY IN SUPPORT OF MOTION** |
| UNITED STATES DEPARTMENT OF | ) | **TO ENLARGE TIME FOR** |
| THE INTERIOR, et al., | ) | **RESPONDING TO MOTIONS TO** |
| | ) | **COMPLETE AND MODIFY** |
| *Respondents*. | ) | **ADMINISTRATIVE RECORD** |
| | ) | |
| | ) | |

## I.   <u>Introduction</u>

On Thursday November 12, 2015, Federal Respondents filed a Motion To Enlarge Time For Responses To Motions To Complete And Modify Administrative Record And Request For Expedited Briefing And Consideration ("Motion to Enlarge Time") (ECF No. 140) requesting until January 19, 2016 to respond to State Petitioners' Motion to Complete the Administrative Record (ECF No. 138) and Industry Petitioners' Motion to Modify the Administrative Record (ECF No. 137), and to lodge a corrected or supplemental administrative record.  Both State and Industry Petitioners oppose this scheduling motion (ECF Nos. 141 & 142), but not because they oppose the enlargement of time itself. Rather, they ask the Court to condition the extension with an order that Federal Respondents' may not seek a stay of District Court proceedings if they appeal the Court's Preliminary Injunction Order (ECF No. 130).  Because the need for the requested enlargement of time is undisputed, the Court should grant that request. Petitioners' request to prohibit a stay, however, is inappropriate and unwarranted at this time.

## II.   <u>Argument</u>

Federal Respondents' Motion to Enlarge Time is a scheduling motion, and no party opposes Federal Respondents' proposed schedule. State and Industry Petitioners do not dispute that Federal Respondents need more time to review the administrative record. Industry Petitioners acknowledge in their opposition that "because of the scale and technical nature of the administrative record, Respondents' review process is likely to take longer than the fourteen days Respondents are afforded to respond to a non-dispositive motion." (ECF No. 141 at 2.)  Industry Petitioners also state that they "do not necessarily oppose granting BLM more time to complete its work on the record."  (*Id.*)  They also "acknowledge that BLM's voluntary efforts have the potential to eliminate, or at least narrow, the parties' disputes related to the administrative record."  (*Id.* at 6.)  State Petitioners similarly "do not oppose the timeline proposed by the

Federal Respondents." (ECF No. 142 at 1.)  In short, there is no opposition to Federal

Respondents' proposed deadline of January 19, 2016.

      Instead, Petitioners contend that this Court should not grant the Motion to Enlarge Time

unless it also prohibits Federal Respondents from later seeking a stay of District Court

proceedings pending interlocutory appeal.  State Petitioners ask the Court to order that "this

deadline will not be subject to change in the event of an interlocutory appeal." (ECF No. 142 at

4.)[1]  Industry Petitioners similarly request that "any revised schedule that the Court might adopt

for record proceeding and subsequent merits briefing be unaffected should the federal

Respondents or Respondent-Intervenors file an interlocutory appeal of the preliminary

injunction."  (ECF No. 141 at 6.)  But there is no basis for imposing such a condition at this time.

Federal Respondents have not decided whether to appeal the Preliminary Injunction Order.  That

decision requires consultation with multiple agencies and approval by the Solicitor General's

Office.  Thus, Federal Respondents cannot represent at this time whether they will appeal.  And

even if they were to appeal, proceedings before this Court would not automatically be stayed.  A

party seeking a stay pending appeal would have to move this Court for that relief pursuant to

---

[1] State Petitioners' response also notes other elements of a package that Federal Respondents proposed to Petitioners when trying to negotiate a joint motion that would set deadlines for both parties.  Those elements included (i) a stay of the deadline for responding to Petitioners' administrative record motions, with no response deadline set; (ii) Federal Respondents' interim provision of the documents to be released in the revised record by December 18, 2015; (iii) a deadline of January 19, 2016 for lodging a corrected or supplemental record; and (iv) a deadline of 14 days from lodging of this record for Petitioners to withdraw or revise their administrative record motions.  As noted in the Motion to Enlarge Time, Petitioners reported that they opposed this proposal. Federal Respondents explained that they would have to seek in an opposed motion for extension only a simplified subset of these elements reflecting Federal Respondents' filing obligations. Consequently, only such elements—an enlargement of time until January 19, 2016, for responding to Petitioners' motions and a commitment to lodge a corrected or supplemental administrative record on or before that new deadline—are included in the Motion to Enlarge Time.

Fed. R. App. P. 8.  Given that Federal Respondents do not know whether they will appeal and given that neither they nor Petitioners have briefed the merits of a stay,[2] Federal Respondents cannot consent to any conditions regarding a stay pending appeal.  Petitioners' request is premature and should be denied.

State Petitioners also demand that Federal Respondents "identify whether and how any new record document responds to the specific issues identified in State Petitioners' motion." (ECF No. 142 at 3-4.)  This proposed condition is unnecessary because Federal Respondents anticipate including very few new documents that were not previously identified as privileged. Those documents will be identified in the BLM's new index and supplemental certification.

## III.   Conclusion

The Court should grant Federal Respondents' request for an extension until January 19, 2016 to finish their voluntary review of the administrative record and respond to Petitioners' motions.  Sixty days is warranted because of the size and complexity of the record and because no party disputes that such an enlargement of time to respond is needed.

In addition, Federal Respondents have requested expedited consideration of their Motion to Enlarge Time because, absent this relief, Federal Respondents' responses to Petitioners' administrative record motions will be due this Friday, November 20, 2015.  No parties are expected to file any further briefing on this Motion to Enlarge Time and, therefore, it is ripe for the Court's consideration.

---

[2] Earlier today, Respondent-Intervenors filed a Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal (ECF No. 143), in which they seek, in the alternative, a stay of proceedings pending appeal of the Court's Preliminary Injunction Order. Federal Respondents have not joined that motion, and neither Petitioners nor Federal Respondents have had an opportunity to respond.  That motion, and the relief it seeks, should be addressed at the appropriate time and on its own merits.

Respectfully submitted this 16th day of November 2015.

/s/ William E. Gerard
WILLIAM E. GERARD
JODY H. SCHWARZ
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
Telephone:(202) 305-0475
                (202) 305-0245
Facsimile: (202) 305-0506
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov

DAVID A. CARSON
U.S. Department of Justice
Environment and Natural Resources Division
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
Telephone: 303-844-1349
Facsimile: 303- 844-1350
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney

/s/ Nicholas Vassallo
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

*Attorneys for Federal Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2015 a copy of the foregoing Federal Respondents' Reply in Support of Motion To Enlarge Time For Responses To Motions To Complete And Modify Administrative Record was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

  /s/ William E. Gerard

WILLIAM E. GERARD