Paul M. Seby (*pro hac vice*)
Special Assistant Attorney General
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone: (303) 572-6584
sebyp@gtlaw.com

Andrew C. Emrich (Wyo. Bar No. 6-4051)
Special Assistant Attorney General
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Phone:  (303) 290-1621 (A. Emrich)
Fax:  (303) 291-9177
acemrich@hollandhart.com

Wayne Stenehjem, Attorney General (*pro hac vice*)
Matthew A. Sagsveen (*pro hac vice*)
Hope Hogan (*pro hac vice*)
North Dakota Office of the Attorney General
500 N. 9th Street
Bismarck, ND 58501
Phone: (701) 328-2925
ndag@nd.gov
masagsve@nd.gov
hhogan@nd.gov

*Counsel for Petitioner State of North Dakota*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING; STATE OF COLORADO; STATE OF NORTH DAKOTA; and STATE OF UTAH, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her capacity as Secretary of the Interior; BUREAU OF LAND MANAGEMENT; and NEIL KORNZE, in his capacity as Director, Bureau of Land Management, <br><br> Respondents. | Case No. 2:15-cv-00043-SWS <br><br> Consolidated with 2:15-cv-00041-SWS |

**STATE PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENT-INTERVENORS' MOTION FOR FINAL JUDGMENT OR STAY OF DISTRICT COURT PENDING APPEAL**

The States of North Dakota, Wyoming, Colorado, and Utah (the "State Petitioners"), by and through their undersigned counsel, respectfully submit this Joint Response in Opposition to

Respondent-Intervenors' (the "Citizens Groups") *Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal* (Dkt. No. 143, the "Motion"), and state as follows:

## INTRODUCTION

Notwithstanding the fact that nearly half the Bureau of Land Management's ("BLM") administrative record was withheld from the parties and the Court during the briefing and hearing on the State Petitioners' motion for preliminary injunction,[1] the Motion invites the Court to convert its September 30, 2015 Order granting preliminary injunctive relief (Dkt. No. 130, the "Order") into a final judgment on the merits. The Citizen Groups' request is materially flawed. Consolidation of the Order and a final judgment pursuant to Fed.R.Civ.P. 65(a)(2) is not appropriate for at least three reasons. **First**, the parties did not receive timely notice of a possible consolidation as mandated by Federal Rule of Civil Procedure 65. **Second**, granting the request for consolidation will severely prejudice the State Petitioners and their ability to review the complete administrative record and develop all arguments and evidence supporting their petitions for review of the BLM's final rule regulating hydraulic fracturing (the "Final Rule"). **Third**, consolidation is inappropriate because this case is not limited to purely legal issues. Rather, factual issues must also be fleshed out through a course of discovery and full production of the BLM's administrative record and, ultimately, presented to this Court to be resolved.

Alternatively, the Citizens Groups request the Court stay this action pending an appeal of the Order. But, the Citizens Groups have not, and cannot, demonstrate the extreme circumstances necessary for this Court to interfere with the State Petitioners' right to continue with this litigation, which will necessarily proceed to a trial on the merits regardless of the

---

[1] The State Petitioners maintain that approximately 45% of the administrative record has not yet been disclosed. *See State Petitioners' Joint Motion to Complete the Administrative Record* (Dkt. No. 138).

1

outcome of an appeal of the preliminary injunction.

## ARGUMENT

I. **CONSOLIDATION, PURSUANT TO FED.R.CIV.P 65(a)(2), IS NOT APPROPRIATE UNDER THE CIRCUMSTANCES.**

The Citizens Groups' request to consolidate the preliminary injunction proceedings with the merits ignores well-established law in this Circuit precluding the Court from ordering consolidation when the parties are not given any notice of consolidation before preliminary injunction proceedings have commenced. Here, the Citizen Groups have moved to convert the preliminary injunction proceedings into a final adjudication, without any notice, *months after* the preliminary injunction proceedings have *concluded*. This is improper. And even if the Court were able to consider consolidation at this late stage (and while nearly half of the underlying agency record remains hidden), the facts of this case, including the resulting prejudice to the State Petitioners, mandate the Court deny the Motion.

A. **Consolidation requires the parties receive advance notice and the opportunity to present all their evidence; the State Petitioners received neither.**

Generally, it is inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A court nevertheless has discretion to order consolidation of the trial on the merits with the hearing of the application for preliminary injunction under Federal Rule of Civil Procedure 65 (a)(2). *See Northern Arapahoe Tribe v. Hodel*, 808 F.2d 741, 752-53 (10th Cir. 1987); *Holly Sugar Corp. v. Goshen County Coop Beet Growers' Ass'n*, 725 F.2d 564, 568 (10th Cir.1984); *American Train Dispatchers Dep't of the Int'l Bhd. of Locomotive Eng'rs v. Fort Smith R.R.*, 121 F.3d 267, 270 (7th Cir. 1997). Consolidation of a preliminary injunction hearing with a trial on the merits is appropriate only where the parties have been "given adequate notice of the consolidation so that

they may be given a full opportunity to present their evidence." *Holly Sugar Corp,* 725 F.2d at 568, citing *Penn v. San Juan Hospital, Inc.,* 528 F.2d 1181, 1187 (10th Cir. 1975). If discovery has not been concluded, consolidation may not serve the interests of justice. *See Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.,* 463 F.2d 1055, 1057 (7th Cir. 1972) ("A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial."). Moreover, consolidation is not appropriate where the parties are deprived of a fair opportunity to present their entire case and have not been given fair notice that they will be required to put on full proof at the preliminary hearing. *Paris v. United States Dept. of Housing and Urban Dev.,* 713 F.2d 1341, 1345-46 (7th Cir. 1983).

Here, the Motion should be denied because the State Petitioners have not been afforded sufficient notice. Indeed, there was no advanced notice whatsoever to the parties that consolidation might be considered until the Citizens Groups filed their Motion more than a month *after* the Court issued the preliminary injunction (and nearly five months after the parties briefed the motions for preliminary injunction and presented evidence and argument to the court). In many cases where a preliminary injunction hearing has been consolidated with a trial on the merits, consolidation has been by virtue of the parties' agreement or stipulation to that effect. *See Wells v. City and County of Denver*, 257 F.3d 1132 (10th Cir. 2001); *Colorado Health Care Ass'n v. Colorado Dept. of Social Services,* 842 F.2d 1158 (10th Cir. 1988); *Citizens Concerned for Separation of Church and State v. City and County*, 628 F.2d 1289 (10th Cir. 1980). That is not the case here. In this case, there is no agreement or stipulation by the parties in favor of consolidation. On the contrary, consolidation will greatly prejudice the State Petitioners because they have not had sufficient notice or opportunity to present their case in full.

Indeed, as a factual matter, the State Petitioners *could not* have presented all their evidence because the BLM's administrative record for the Final Rule remains far from complete. *See State Petitioners' Joint Motion to Complete the Administrative Record* (Dkt. No. 138). Moreover, the State Petitioners only sought to prove that a preliminary injunction was appropriate, which, as the Tenth Circuit has observed, is a different proposition than establishing a permanent injunction on the merits:

> Significantly different procedures accompany preliminary and permanent injunctions. Preliminary relief is designed merely to preserve the status quo pending trial on the merits and is often pursued with unavoidable haste. Such relief is customarily granted with procedures less formal and evidence less complete than in a trial on the merits. A party is not required to prove his whole case at a TRO or preliminary injunction hearing. The injunction standard of probable success on the merits is not equivalent to actual success on the merits. In light of these considerations, ***it is generally inappropriate for a federal court to render a final judgment on the merits at the preliminary injunction stage when the court has not given the parties clear and unambiguous notice of its intent to consolidate***, either before the hearing begins or at a time that will still afford them a full opportunity to present their cases.

*Hodel*, 808 F.2d at 752-53 (emphasis added). The Citizens Groups' insistence that consolidation is appropriate "even after the conclusion of the preliminary injunction hearing" is, therefore, contrary to law under the circumstances presented.[2] (Mot. at p. 2.) Where, as here, the parties have been denied the opportunity to present all of their evidence, there is sufficient prejudice to

---

[2] Neither of the cases cited by the Citizens Group support the proposition that the Court can order consolidation without notice. In both cases, the possibility of consolidation was raised in advance of the preliminary injunction hearing and taken under advisement by the court, thereby putting the parties on notice to the possibility of consolidation in advance of the presentation of evidence. *See PLC Partners, LLC v. Bank of Am., N.A.,* 2010 WL 4627729, at *3 (D. Wyo. Nov. 12, 2010) ("Prior to the hearing on preliminary injunction, BOA moved for consolidation pursuant to Fed.R.Civ.P. 65(a)(2). Argument was heard on that matter at a telephonic hearing and the issue was further addressed by the parties at the preliminary injunction hearing. The Court took that matter under advisement and now finds that consolidation is appropriate."); *Frentheway v. Bodenhamer,* 444 F. Supp. 275, 276 (D. Wyo. 1977) ("and the Court having taken under advisement whether to consolidate this hearing with a hearing on the merits…").

deny a request for consolidation. *Hodel*, 808 F.2d at 753 (lack of notice and opportunity to present additional evidence after request for consolidation constitutes "prejudicial error and an abuse of discretion").

**B. State Petitioners will be greatly prejudiced by consolidation because they have not been afforded sufficient opportunity to present their full case on the merits.**

Even if the Court were to consider consolidation, the present circumstances do not warrant entry of a final judgment. The Citizens Groups argue that consolidation is appropriate because the Order holds, as a matter of law, that the BLM lacks legal authority to promulgate the Final Rule. According to the Citizens Groups, this holding makes "further administrate record review and briefing immaterial to the outcome of this case." (Mot. at p. 3.) Trial, according to the Citizens Groups, would similarly be a waste of resources, particularly when Petitioners have already had "ample opportunity" to present their challenge to the Final Rule. (*Id*. at 5). Finally, the Citizens Groups suggest that no prejudice would result because Petitioners have already obtained their desired result – an injunction of the Final Rule. The Citizens Groups' are simply wrong. Their position is an over simplification of the Court's Order and a mischaracterization of the arguments advanced by the State Petitioners during the preliminary stages of this case.

As an initial matter, the Court's holding regarding the BLM's authority was in the context of a preliminary injunction. Therefore, the Court concluded only that the Petitioners had established a likelihood of success on the merits because "[a]t this point, the Court does not believe Congress has granted or delegated to the BLM authority to regulate fracking." (Order at p. 51). This does not, as the Citizens Groups suggest, equate to a final judgment on that issue. *See e.g., Hodel*, 808 F.2d at 753, *citing Univ. of Texas v. Camenisch*, 451 U.S. 390 (1981) (outlining differences between the preliminary injunction standard and trial, and noting that "the

findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits").

Importantly, the Court's ruling was also premised on "the paucity of evidentiary support for the Rule" in the administrative record. (Order at 22). The Court, therefore, also held that "[b]ecause the BLM has failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts and the choice made, the Fracking Rule is likely arbitrary, requiring it be set aside."[3] (*Id*. at 27) (internal quotations omitted). The Court was similarly persuaded by the argument that the BLM failed to properly consult with "the Tribe on a government-to-government basis in accordance with its own policies and procedures." (*Id.* at 35). The existence of these other, fact-specific inquires, which require an examination of the complete BLM administrative record, bely the Citizen Groups' argument that a final judgment should enter because there are no disputed facts to be resolved by a full trial on the merits.

Moreover, the State Petitioners disagree that they had "ample opportunity" to present their challenge to the Final Rule. (Mot. at p. 5). The State Petitioners must point out that the State of Utah, for example, came into the case while the parties were briefing the preliminary injunction issue and necessarily was required to join existing motions. Therefore, Utah has not had an opportunity to articulate its claims in the case. The same timing limitation is true for the Tribe Petitioners. Additionally, the State Petitioners were required to dedicate significant portions of their briefs to the three preliminary injunction factors that do not go to the merits of

---

[3] The Court went on to enumerate several other reasons the Final Rule was subject to attack as arbitrary and capricious, including the Final Rule's provision on mechanical integrity testing, the "usable water" definition, and pre-operation disclosures. (Order at pp. 28-35).

the case. And, as previously discussed, the State Petitioners did not then and still do not have access to the full administrative record.

The State Petitioners are entitled to first obtain the full administrative record from the BLM and then to have the opportunity to fully utilize that record to continue to develop and prove their claims as to why the Court should set aside the Final Rule. It is inefficient and would prejudice Petitioners to proceed otherwise. For example, while the Motion gives the impression that an appeal would be limited to the issue of the BLM's rulemaking authority, that impression is unrealistic.[4] No party would risk waiver or forfeiture of arguments regarding the arbitrary nature of the Final Rule, by not raising them on appeal. Indeed, even if the Respondents did appeal only the issue of the BLM's authority, the State Petitioners would be entitled to argue that the arbitrariness and capriciousness of the Final Rule justify upholding the Order. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (appeals court may affirm on any basis supported by the record). To avoid prejudice, therefore, it is imperative that the State Petitioners be permitted to complete the administrative record and fully develop arguments based on that record, prior to a final judgment.

## II. STATE PETITIONERS ARE ENTITLED TO PURSUE THE ADMINISTRATIVE RECORD, DISCOVERY AND REVIEW OF THE FINAL RULE AT TRIAL, REGARDLESS OF THE OUTCOME OF THE CITIZEN GROUPS' APPEAL.

The Citizen Groups alternative request for relief – to stay this action pending appeal of the Order – is also flawed. A stay of this matter pending appeal would be inefficient and would needlessly delay State Petitioners' right to the complete BLM administrate record and to pursue

---

[4] Confusingly, later in the Motion, the Citizen Groups appear to concede that the issues on appeal will not be so limited and will include a fact-intensive argument regarding whether the Final Rule is arbitrary and capricious. (Motion at p. 8) (discussing all of the factual, legal and evidentiary issues the Tenth Circuit will have to address in arguing that the Tenth Circuit's decision will "clarify the parameters of this case on remand").

all grounds for setting aside the Final Rule. Certainly, the Court has the power to stay proceedings pending before it as part of its inherent power to control its docket. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963). The decision to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–255. In this Circuit, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). No such extreme circumstances exist here, where the Citizen Groups' arguments are premised exclusively on assertions of judicial economy. Judicial economy, however, "should rarely if ever lead to such broad curtailment of the access to the courts." *Id.* at 1485.

In any event, a stay is unlikely to promote efficiency in the use of the judiciary's resources. Contrary to the representations in the Motion, the Tenth Circuit's decision on appeal will not be dispositive of this case.[5] Instead, the Tenth Circuit's decision will only determine whether a preliminary injunction remains in place while Petitioners pursue a final judgment seeking to invalidate the Final Rule. All work done in the interim in this Court, including completing the administrative record and discovery regarding the same, would only aid in this Court's stated goal of seeing "this litigation proceed to the merits in a timely and expeditious fashion and to avoid any more unnecessary delays." *Order Granting Federal Respondents*

---

[5] The Motion's reliance on *Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 545 F.Supp.2d 1188 (D. Kan. 2008) is therefore misplaced. In that case, resolution of the appeal in defendants' favor had "the potential to dispose of plaintiff's entire case without the need for discovery or a trial." *Id.* at 1189. As set forth herein, the same cannot be said of the Citizen Groups' appeal in this case. Moreover, the additional cases cited by the Citizen Groups are inapposite, as they involved *unopposed* motions to stay, where both parties apparently agreed to a put the litigation on hold pending the outcome of appeal. *See Diocese of Cheyenne v. Sebelius*, Case No. 2:14-cv-00021-SWS, Dkt. Nos. 53-54 (D. Wyo. June 2, 2014) (granting unopposed motion to stay without analysis); *Dordt Coll. V. Burwell*, 2014 WL 5454649, *2 (N.D. Iowa Oct. 27, 2014) (granting unopposed motion to stay).

*Motion to Enlarge time for Responses to Motions to complete and Modify Administrative Record* (Dkt. No. 132, the "AR Order") at p. 4. The State Petitioners can envision no situation, short of the BLM agreeing to abandon the Final Rule altogether, in which Federal Respondents would not have to eventually disclose the administrative record and litigate the validity of the Final Rule. There is, therefore, no reason to delay that process based on an appeal of the preliminary injunction. *See, e.g., Yost v. Stout*, 2007 WL 2572426, at *2 (D. Kan. Sept. 5, 2007) ("judicial economy would be better served by the parties at least setting deadlines, and proceeding with any necessary discovery and motions practice… Even if the Tenth Circuit's decision [on appeal] would aid the Court and the parties on many of the overarching legal issues involved, it should have no impact on the pretrial process"); *see also* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3921.2 at 56 (2d ed.1997) (discussing trial court action pending interlocutory appeal in the same case and stating, "[c]ontinuing trial court proceedings, moreover, often pose little threat to orderly disposition of the appeal; ordinarily the scope of the appeal will be limited to consideration of the preliminary injunction decision itself...").

Permitting Petitioners to pursue their litigation without delay is the only way to avoid the prejudice of additional and unnecessary delay. At the same time, there is no prejudice to Federal Respondents in merely having to disclose the administrative record that should have been completed a long time ago and litigate, on a full record, the propriety of the Final Rule that was improperly promulgated in the first place.

## CONCLUSION

WHEREFORE, the State Petitioners respectfully request the Court enter an Order denying the Citizen Groups' request to consolidate the Order with a final judgment or, alternatively, to stay this action, and granting such further relief as it deems just and appropriate.

Dated this 30th day of November, 2015.

*s/Paul M. Seby*
Paul M. Seby  (*pro hac vice*)
Special Assistant Attorneys General
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Phone: (303) 572-6584
sebyp@gtlaw.com

Andrew C. Emrich (Wyo. Bar No. 6-4051)
Special Assistant Attorneys General
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Phone:  (303) 290-1621 (A. Emrich)
Fax:  (303) 291-9177
acemrich@hollandhart.com

Wayne Stenehjem, Attorney General (*pro hac vice*)
Matthew A. Sagsveen (*pro hac vice*)
Hope Hogan (*pro hac vice*)
North Dakota Office of the Attorney General
500 N. 9th Street
Bismarck, ND 58501
Phone: (701) 328-2925
ndag@nd.gov
masagsve@nd.gov
hhogan@nd.gov

*Counsel for Petitioner State of North Dakota*

*s/Michael J. McGrady (with permission)*
Michael J. McGrady
Senior Assistant Attorney General

Jeremy A. Gross
Assistant Attorney General
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
Phone: (307) 777-6946
mike.mcgrady@wyo.gov
jeremy.gross@wyo.gov

*Counsel for Petitioner State of Wyoming*

*s/Frederick R. Yarger (with permission)*
Frederick R. Yarger
Solicitor General
Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6168
fred.yarger@state.co.us

Andrew Kuhlmann
Senior Assistant Attorney General
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
Phone: (307) 777-6946
andrew.kuhlmann@wyo.gov

*Counsel for Petitioner State of Colorado*

*s/John Robinson Jr. (with permission)*
Steven F. Alder (*pro hac vice*)
John Robinson Jr. (*pro hac vice*)
Utah Assistant Attorneys General
Sean D. Reyes (*pro hac vice*)
Utah Attorney General
Utah Office of the Attorney General
1594 W. North Temple, Suite 300
Salt Lake City, Utah 84116
Phone: (801) 538-7227
jrobinson@utah.gov
stevealder@utah.gov

Daniel B. Frank (Wyo. Bar No. 5-2978)
Frank Law Office, P.C.
519 E. 18th Street

Cheyenne, Wyoming 82001
Phone: (307) 432-0520
frank@tribcsp.com

*Counsel for Petitioner-Intervenor State of Utah*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2015, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties of record in the above captioned case.

*s/ Jeffrey M. Lippa*
Jeffrey M. Lippa
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
lippaj@gtlaw.com