Mark S. Barron
L. Poe Leggette (Wyoming Bar No. 7-4652)
Alexander K. Obrecht (Wyoming Bar No. 7-5442)
BAKER & HOSTETLER LLP
1801 California, Suite 4400
Denver, Colorado 80202-5835
Telephone: 303.861.0600
Facsimile: 303.861.7805
pleggette@bakerlaw.com
mbarron@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners Independent Petroleum Association of America
& Western Energy Alliance*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and WESTERN ENERGY ALLIANCE, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Case No. 2:15-CV-00043-SWS [Lead Case] |
| SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, and BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) | [Consolidated with No. 2:15-CV-00041-SWS] |
| Respondents. | ) ) ) | |

## PETITIONERS' RESPONSE IN OPPOSITION TO RESPONDENT-INTERVENORS' MOTION FOR A PREMATURE APPEAL

Petitioners Independent Petroleum Association of America and Western Energy Alliance

(collectively, the "Petitioners") submit respectfully this response in opposition to Respondent-

Intervenors' Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal,

filed November 16, 2015 (ECF No. 143). Intervenors seek authorization to file a premature appeal based on incomplete arguments wholly untethered to the record. Disregarding the procedural posture of this case, Intervenors would have the Court engage in legal acrobatics designed to undermine the Court's preliminary injunction order and generate a series of improper advisory opinions. Intervenors propose a path that is likely to delay, as opposed to expedite, the ultimate resolution of this case and that is crafted to deny Petitioners the ability to proceed to the merits in this lawsuit. The Court should deny Intervenors' motion so that the parties may complete the work necessary to finish this case in the district court and create a proper record for appellate review sooner than possible under Intervenors' convoluted proposal.

## I.     AN APPEAL ON THE MERITS WOULD BE PREMATURE.

Before a court may issue an order consolidating a preliminary injunction with the merits, "the courts have commonly required that 'the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (quoting *Pughsley v. 3750 Lake Shore Drive Coop. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972)); *see also U.S. ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir. 1979) ("We note . . . that is certainly preferable to expressly order consolidation after giving adequate notice to the parties."). It is undisputed that the parties here lacked any notice that the Court might consolidate its consideration of the preliminary injunction with the merits at the time the parties presented their respective preliminary injunction arguments. To the contrary, the procedural record establishes that the arguments being advanced were made for the purposes of establishing the need for a

preliminary injunction only and did not represent arguments on the merits.

On May 15, 2015, Petitioners filed their memorandum in support of Petitioners' motion for a preliminary injunction. *See* Mem. in Supp. of Mot. for Prelim. Inj., No. 2:15-CV-00041-SWS, filed May 15, 2015 (ECF No. 13). Petitioners' submission noted expressly that "Petitioners have provided illustrative examples of arbitrary provisions for the purposes of briefing" on the motion for a preliminary injunction and emphasized that "Petitioners intend to identify other aspects of the final rule that are legally flawed at the time the Court conducts briefing on the merits (and after Respondents lodge the administrative record)." *Id.* at 8 n.7. At the time Petitioners filed their motion for a preliminary injunction, BLM had not lodged any portion of the administrative record. Nor had BLM conducted any of the public workshops designed to explain how the agency intended to implement the final hydraulic fracturing rule. *See* Tr. of Prelim. Inj. Proceedings at 104:2-11 (June 23, 2015) ("Hr'g Tr.") (referencing implementation workshops conducted in June 2015).

On June 23, 2015, the Court conducted a hearing on Petitioners' motion. At the conclusion of the hearing, the Court did not issue a final ruling on the request for a preliminary injunction, but rather issued a stay pending the submission of the administrative record. *See id.* at 263:20-25. Once submitted, the Court directed the parties to "submit citations to the administrative record in support of their positions but no additional argument." *Id.* at 263:21-25. On August 28, 2015, the Department of Justice served a portion of the administrative record on Petitioners, *see* Resp't's Notice of Lodging of Admin. R., No. 2:15-cv-00043-SWS, filed Aug. 28, 2015 (ECF No. 113), and on September 18, 2015, Petitioners submitted a supplemental filing containing record citations that supported the arguments Petitioners had previously

advanced. *See* Record Citations in Supp. of Mot. for Prelim. Inj., No. 2:15-CV-00043-SWS, filed Sept. 18, 2015 (ECF No. 127). Petitioners noted expressly in that supplemental filing that Petitioners "remain[ed] cognizant of the Court's instruction that the parties refrain from offering new argument in these supplemental filings," *id.* at 7 n.3, and cautioned that "the citations included in this filing are illustrative, and not exhaustive, examples of record material that support the various propositions advanced herein." *Id.* at 7.

Intervenors' motion overlooks this procedural history. Intervenors instead suggest that "Petitioners have had ample opportunity to present the merits of their case." Mem. in Supp. of Resp't-Intervenors' Mot. for Final J. or Stay of Dist. Ct. Proceedings Pending Appeal at 5, No. 2:15-CV-00043-SWS, filed Nov. 16, 2015 (ECF No. 143-1) ("Int'rs' Mem."). But the record is clear that Petitioners have not yet presented their arguments on the merits. Petitioners have not presented *any* arguments based on a review of the administrative record. And in fact, to the extent that Petitioners have had access to record materials to provide support for arguments that were advanced before the administrative record was lodged, the Department of the Interior has acknowledged that those materials are incomplete. *See* Mot. to Enlarge Time for Resps. to Mots. to Complete & Modify Admin. Record & Request for Expedited Briefing and Consideration at 2, No. 2:15-CV-00043-SWS. filed Nov. 12, 2015 (ECF No. 140) (explaining that BLM intends to lodge a corrected or supplemental administrative record in January 2016).

None of the authorities Intervenors cite as support for their request to consolidate the preliminary injunction with a judgment on the merits involve procedural circumstances comparable to this case. Intervenors cite cases in which the parties were given express notice of the possibility that preliminary injunction proceedings would be combined with adjudication of

the merits *before* the parties presented arguments related to a preliminary injunction. *See* Int'rs'

Mem. at 2 (citing *PLC Partners, LLC v. Bank of Am., N.A.*, No. 10-CV-141-D, 2010 WL

4627729, at *3 (D. Wyo. Nov. 12, 2010) (adjudicating motion for consolidation submitted before

preliminary injunction hearing); *Frentheway v. Bodenhamer*, 444 F. Supp. 275, 276 (D. Wyo.

1977) (noting that the possibility of consolidation was raised at the preliminary injunction

hearing)). Intervenors cite cases involving fixed and fully-developed records. *See* Int'rs' Mem. at

2 (citing *Campaign for Family Farms v. Glickman*, 200 F.3d 1180, 1186 (8th Cir. 2000)

(reaching the merits in a case involving "a purely legal issue on a fixed administrative record");

*Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205-05 (7th Cir. 1985) (affirming

district court's reliance on findings made during a preliminary injunction hearing because the

findings were consistent with the whole record as it was fully developed in a subsequent trial on

the merits). And Intervenors cite cases in which all the material facts are stipulated. *See* Int'rs'

Mem. at 2 (citing *Goldman*, 596 F.2d at 1358 (reaching the merits because the parties had

stipulated to the facts and the appellate court could address a pure question of law)).

Each of these authorities is inapposite. Neither Intervenors nor any other party here raised

the prospect of consolidation with the merits at the time the parties submitted their arguments

related to the preliminary injunction. All of the parties' arguments presented in this case were

crafted before any portion of the administrative record was filed and BLM has conceded that the

record currently before the Court is incomplete. The parties have not reached any factual

stipulations that would limit the questions submitted to an appellate court to pure questions of

law.[1]

Contrary to the inference Intervenors would have the Court draw, factual development will be essential to all issues submitted to the Court on the merits. Intervenors do not appear to seriously contest that factual development will be necessary to resolve Petitioners' arguments advanced under the Administrative Procedure Act ("APA"). When considering BLM's position on whether provisions in the hydraulic fracturing rule pertaining to the identification and protection of "usable water" were lawful, for example, the Court's preliminary injunction opinion relied on factual evidence that (among other things) the final rule's requirements represented a change from BLM's existing practices. *See* Order on Mots. for Prelim. Inj. at 32-33, No. 2:15-CV-00043-SWS, filed Sept. 30, 2015 (ECF No. 130) ("Sept. 30 Order").

But the need for a fully developed factual record is not limited to assessing whether the final hydraulic fracturing rule is arbitrary and capricious under the standards the APA provides. When considering whether BLM properly interpreted various mineral leasing statutes as granting the agency authority to regulate hydraulic fracturing, the Court likewise considered factual evidence related to BLM's past regulatory practice. *See id.* at 14-16. When complete, the

---

[1] Intervenors' own authorities describe the relief Intervenors seek as "a risky approach" and caution against proceeding in the manner Intervenors propose for at least two reasons. *See Motorola*, 761 F.2d at 1205. First, courts are consistent in noting that "a court's findings of fact and conclusions of law at the preliminary injunction stage are often based on incomplete evidence and a relatively hurried consideration of the issues." *Id.*; *see also Glickman*, 200 F.3d at 1186 (explaining that appellate courts should be reluctant to reach the merits of cases that have not advanced beyond the preliminary injunction stage, because "findings of fact and conclusions of law on an application for a preliminary injunction are 'tentative and provisional, in the sense that different findings . . . might be warranted after a trial on the merits.'") (quoting *Indep. Fed'n of Flight Attendants v. Trans World Airlines, Inc.*, 655 F.2d 155, 159 (8th Cir. 1991)). Second, courts recognize that both the legal questions and the standard of review presented at the preliminary injunction stage of a case differ from those applicable to the merits. *See Motorola*, 761 F.2d at 1205 (observing that "the questions focused on differ in deciding a motion for preliminary injunction and in deciding a motion for summary judgment" and explaining that, "[i]n the former a court considers whether there is a reasonable likelihood that the moving party will prevail on the merits; in the latter a court considers whether there is any issue of material fact remaining after construing the facts in a light most favorable to the non-moving party").

administrative record is likely to provide insight into BLM's historic understanding of the scope of the agency's regulatory jurisdiction and to demonstrate BLM's awareness that after 2005 the authority to regulate hydraulic fracturing rested exclusively with the states. But the Court cannot know until the full record is filed and the parties are permitted to articulate their positions on the merits.

Adopting Intervenors' proposal will seriously prejudice Petitioners' legal rights. Intervenors would have Petitioners subject Petitioners' record-dependent claims to immediate appellate review before Petitioners have the opportunity to make arguments based on the administrative record. Intervenors' approach would compromise Petitioners' ability to develop the record necessary to sustain those claims; would submit the case to an appellate court before arguments based on the record can be crafted; and would submit the case to an appellate court before the full record necessary for the appellate court's review is available. Because an appeal of the merits would be premature and improper at this stage in the case, the Court should deny Intervenors' motion.

## II.     A STAY WILL PREJUDICE PETITIONERS.

This Court has recognized that "Petitioners desire, and are entitled to, proceed expeditiously with this case." Order Granting Fed. Resp'ts' Mot. To Enlarge Time for Resps. To Complete & Modify Admin. Record, No. 2:15-CV-00043-SWS, filed Nov. 17, 2015 (ECF No. 145). Intervenors, however, propose an approach that is contrary to that interest. Intervenors' suggestion that staying proceedings in the district court would somehow expedite the resolution of this litigation is incorrect.

The Court issued its order implementing the preliminary injunction on September 30,

2015. Since that time, all of the other parties in the case – Petitioners, the State and Tribal Petitioners, and the federal Respondents – have worked collaboratively to resolve disputes over the content of the administrative record and to move this case to merits briefing. BLM has now committed to submitting an amended administrative record no later than January 19, 2016. Once the record is submitted, the only task remaining in the district court will be final briefing on the merits.

Intervenors, on the other hand, have done nothing to advance the litigation in this time period. Intervenors have taken no position on the content of the administrative record. And to the extent Intervenors feel the preliminary injunction was wrongly decided, Intervenors waited two months before filing an appeal of the preliminary injunction. Given the normal timetable of appellate proceedings, it is unlikely that Intervenors' appeal of the preliminary injunction will be decided before this Court is able to address the merits of the various petitioners' challenges in their entirety.

Intervenors would have the Court excuse their lack of urgency, arguing that "[i]t would be a waste of resources of the Court and the parties to pursue further litigation while the Tenth Circuit is reviewing the Court's dispositive ruling that BLM lacks legal authority to adopt the rule." Int'vs' Mem. at 6. Intervenors mischaracterize the Court's preliminary injunction decision. While the Court did find BLM lacks jurisdiction to implement the hydraulic fracturing rule, the Court noted that "[e]ven if the BLM had the authority to promulgate the Fracking Rule," Petitioners are still likely to prevail on the merits given "the paucity of evidentiary support for the rule." Sept. 30 Order at 22.

This alternate holding belies Intervenors' characterization of the preliminary injunction

order as based "on a dispositive legal ruling." As discussed above, there are still important factual and legal questions to address, both with respect to the BLM's jurisdictional basis for the rule and the propriety of the rule as a matter of administrative law. Resolving these questions will require BLM to complete its work on the administrative record and the parties to submit their arguments on the merits.

Intervenors appear to admit that appeal of the preliminary injunction may not eliminate the need for further proceedings, but contend that "an appellate decision will substantially clarify the parameters of this case on remand." Int'vs' Mem. at 8.  Intervenors suggest that, rather than fully resolve the district court litigation, the parties should wait for the Tenth Circuit to provide guidance on a host of non-dispositive issues and arguments before reaching the ultimate merits in this case. *See id.* at 8-9. This Court should reject that approach. Delaying the merits phase of this case to wait for a series of inappropriate advisory opinions is inconsistent with the rules for appellate review and compromises Petitioners' right to a prompt resolution of their administrative appeals. The prejudice to Petitioners is particularly egregious here, when, if Intervenors would simply cooperate with the parties to finish the work in the district court in the expeditious manner that Petitioners seek, the district court case is likely to be completed, and the merits ready to be submitted to the appellate court on a full record, sooner than Intervenors' appeal of the Court's preliminary injunction motion can realistically be expected to be decided.

Intervenors' hyperfocus on the Court's preliminary injunction result reflects a misunderstanding of the reasoning the Court employed to reach that result and fails to account for the differences between preliminary injunction proceedings and adjudication of the merits. Because Intervenors' proposal to stay proceedings in the district court will prejudice Petitioners

- 9 -

and is likely to delay the final resolution of the merits in this case, the Court should deny Intervenors' motion.

III.    **CONCLUSION.**

Only now, after the Court issued a decision adverse to Intervenors' position and on the eve of the Intervenors' deadline to appeal that decision, do Intervenors' come forward with this novel proposal. Notwithstanding Intervenors' dissatisfaction with the results achieved thus far in this litigation, Intervenors may not change the rules applicable to this administrative appeal. Because Intervenors' proposal disregards the procedural posture of this case, prejudices Petitioners' legal rights, and fails to promote judicial efficiency, the Court should deny Intervenors' motion.

Submitted respectfully this 30th day of November, 2015,

/s/  Mark S. Barron
Mark S. Barron
L. Poe Leggette
Alexander K. Obrecht
BAKER & HOSTETLER LLP
1801 California, Suite 4400
Denver, Colorado 80202-5835
Telephone: 303.764.4020
Facsimile: 303.861.7805
pleggette@bakerlaw.com
mbarron@bakerlaw.com
aobrecht@bakerlaw.com

*Attorneys for Petitioners Independent Petroleum Association of America & Western Energy Alliance*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2015, a copy of the foregoing **PETITIONERS' RESPONSE IN OPPOSITION TO RESPONDENT-INTERVENORS' MOTION FOR A PREMATURE APPEAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Susan Quinn_
Susan Quinn

607751429.4