JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
303-844-1349
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING, et al., ) | |
| ) | Civil Case No. 15-CV-43-SWS |
| *Petitioners*, ) | |
| v. ) | (consolidated with 15-CV-41-SWS) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **FEDERAL RESPONDENTS'** |
| THE INTERIOR; et al., ) | **MOTION TO BIFURCATE AND** |
| ) | **EXPEDITE BRIEFING ON LEGAL** |
| *Respondents*. ) | **AUTHORITY** |
| ) | |

On November 16, 2015, Respondent-Intervenors filed a Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal. (ECF No. 143.) As set forth in Federal Respondents' response to Respondent-Intervenors' Motion, filed contemporaneously with this motion, we agree with Respondent-Intervenors that the Court's ruling on the Secretary of the Interior's statutory authority to promulgate the final hydraulic fracturing rule is dispositive of the case and is a purely legal matter that requires no examination of the administrative record. Thus, judicial economy would be served by resolving the legal authority issue quickly and with finality. While the United States does not oppose Respondent-Intervenor's motion for a final judgment,[1] no formal notice of consolidation pursuant to Federal Rule of Civil Procedure 65 was provided at or before the June 23, 2015 hearing, and we understand that Petitioners intend to oppose the motion. Given that consolidation over objection is disfavored in the circumstances presented here, the United States believes the more appropriate course would be to deny the Respondent-Intervenors' motion and instead bifurcate the case and address the legal authority issue separately, as requested in this motion. Specifically, pursuant to Local Civil Rule 7.1(b)(1), Federal Respondents ask the Court (i) to separate from all other merits issues the threshold questions of whether the statutory provisions listed in revised 43 C.F.R. 3160.0-3[2] grant the BLM authority to regulate hydraulic fracturing on federal and Indian lands, and if so, whether that authority is precluded by the Safe Drinking Water Act ("SDWA"), 42 U.S.C.

---

[1] As set forth in our response to Respondent-Intervenors' motion (ECF No. 152), we do oppose their alternative request for a stay of this Court's proceedings pending any appeal of the Court's preliminary injunction.

[2] These authorities include the Mineral Leasing Act of 1920, as amended ("MLA"), 30 U.S.C. §§ 181, 223-236; the Mineral Leasing Act for Acquired Lands, as amended ("MLAAL"), 30 U.S.C. §§ 351-359; the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. §§ 1701-1787; the Act of March 3, 1909, 25 U.S.C. § 396; the Indian Mineral Leasing Act of 1938 ("IMLA"), 25 U.S.C. § 396a-g.; and the Indian Mineral Development Act of 1982 ("IMDA"), 25 U.S.C. §§ 2101-2108.

§§ 300f to 300j-26, as amended by the Energy Policy Act of 2005, Pub. L. No. 109-58 § 322, 119 Stat. 594 (2005); and (ii) to expedite briefing on the merits of these statutory authority questions.

Bifurcation and expedited briefing of the legal authority issue would not prejudice any of the parties, and would promote judicial economy and give the BLM finality on a legal issue central to the agency's overall mission and operations. Accordingly, Federal Respondents ask the Court to bifurcate the case in the manner described and order the following briefing schedule for resolution of the legal authority questions: Petitioners must file their merits briefs on legal authority 21 days after the Court rules on this motion, Respondents must respond within 14 days thereafter, and Petitioners must reply within seven days thereafter.

On November 30, 2015, counsel for Federal Respondents conferred with counsel for the other parties and all other parties oppose this motion except for Petitioner Ute Tribe of the Uintah and Ouray Reservation, which takes no position.

## BACKGROUND

The State of Wyoming, State of Colorado, State of North Dakota, State of Utah, Ute Tribe of the Uintah and Ouray Reservation, Independent Petroleum Association of America, and Western Energy Alliance challenged the BLM's final rule[3] that regulates hydraulic fracturing on federal and Indian lands ("BLM Rule"). On September 30, 2015, the Court issued a preliminary injunction enjoining the BLM from implementing the BLM Rule. (ECF No. 130.) The Court held that Petitioners were likely to succeed on the merits for three reasons: first, the BLM lacks statutory authority to regulate hydraulic fracturing; second, deficiencies with the BLM Rule and

---

[3] Oil and Gas; Hydraulic Fracturing on Federal and Indian Lands, 80 Fed. Reg. 16,128 (Mar. 26, 2015) (to be codified at 43 C.F.R. pt. 3160) (printing error corrected in part at 80 Fed. Reg. 16577-01 (Mar. 30, 2015)).

supporting record likely render the rule arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act ("APA"); and third, the BLM failed to consult adequately with the Ute Indian Tribe on a government-to-government basis in accordance with BLM policies and procedures.

On November 6, 2015, State Petitioners filed their Motion to Complete the Administrative Record (ECF No. 138), and Industry Petitioners filed their Motion to Modify the Administrative Record (ECF No. 137).  On November 17, 2015, the Court granted Federal Respondents' request for an extension to January 19, 2016, to serve a corrected or supplemental administrative record and to file responses to Petitioners' motions.

Because of these delays, the earliest that merits briefing could commence in this case, is March 4, 2016—45 days after Federal Respondents serve a corrected or supplemental record. *See* U.S.D.C.L.R. 83.6(c) (noting that, if a motion to supplement the record is filed, merits briefing commences 45 days after either an amended record is filed or the motion is denied).  If Petitioners do not withdraw their motions, or if they raise new objections to the corrected or supplemental record, the corresponding motions practice would further delay merits briefing. Bifurcation and expedited briefing of the legal authority issue, which can be resolved without reference to the administrative record, would allow the parties promptly to begin briefing, and this Court subsequently to decide, the narrow issue of whether the BLM has the statutory authority it claims.

**ARGUMENT**

Federal Respondents respectfully request that the Court bifurcate the issue of the BLM's legal authority to regulate hydraulic fracturing on federal and Indian lands from other issues in the case and that it adopt an expedited briefing schedule to resolve the legal authority issue.  The

Court has broad authority to manage its docket, including by expediting or otherwise changing the schedules contained in the Local Rules based on case-specific circumstances. *See Edwards v. Cauthron*, 124 F.3d 216, at *2 (10th Cir. 1997) (unpublished) (referencing "[t]he inherent authority of a district court to manage its dockets"); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008) ("District courts . . . are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them."). Moreover, Local Rule 83.6(c) specifically provides that the Court can modify the traditional briefing schedule for APA cases. *See* U.S.D.C.L.R. 83.6(c) (setting forth briefing schedule "[u]nless otherwise ordered by the Court"). *Cf. Miami Tribe Of Oklahoma v. United States*, 656 F.3d 1129, 1134 (10th Cir. 2011) ("The primary challenge was under the Administrative Procedures Act (APA), which was bifurcated from the other claims so it could be addressed first.").

Several considerations justify bifurcation and expedited briefing of the legal authority issue. First, judicial economy favors this approach. The legal authority issue—whether the BLM has authority to regulate hydraulic fracturing on federal and Indian lands under the MLA, MLAAL, IMDA, IMLA, and FLPMA, in light of the SDWA, as amended by the Energy Policy Act of 2005—is an issue of legal and statutory interpretation that can be resolved without delay and without the need to reference the voluminous administrative record. In addition, this is a threshold issue that, if resolved adversely to Federal Respondents, would dispose of the case or controversy before the Court. A determination that the BLM lacks authority to regulate hydraulic fracturing would be dispositive and would moot the other issues in this case. Bifurcation and speedy resolution of the legal authority issue would thus further the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

By contrast, if the case goes forward on its current schedule, Federal Respondents will file a corrected or supplemental record by January 19, 2016. Once Petitioners review the corrected or supplemental record, they may have additional objections that will require motions practice to resolve. Bifurcation would help avoid these delays by allowing the parties to expedite the consideration of the threshold legal authority issue while the record compilation process and any associated motions practice proceeds on a parallel track.

Further, bifurcation would not require duplication of the Court's or the parties' efforts during briefing. Whether the BLM has statutory authority to regulate hydraulic fracturing on federal and Indian lands can be resolved as a matter of law and without reference to the administrative record. By contrast, the Petitioners' other, more fact-based arguments for invalidating the BLM Rule *do* depend on consideration of documents in the administrative record, but do *not* depend directly on the resolution of the legal authority issue. Consequently, if the issues were bifurcated, the parties could brief the legal authority issue entirely separately from the more fact-based APA and tribal-consultation claims, with no duplication of efforts during briefing.

The interest of justice also favors bifurcation and expedited briefing. The BLM requires finality on its legal authority because the Court's reasoning in the Preliminary Injunction Order could have implications for the BLM's management of public lands generally, and for certain aspects of the federal oil and gas program in particular. The BLM has an ongoing duty to implement the MLA and FLPMA, and the BLM's interpretation of those statutes is in some tension with the Court's interpretation, at least as articulated in the Preliminary Injunction Order. Final resolution of the statutory authority issue would either resolve this tension (if the Court were to rule in Federal Respondents' favor) or provide Federal Respondents with a clear and

final judgment and the opportunity to seek appellate review of that judgment if appropriate.

Finally, bifurcation would not prejudice any of the parties. The question of whether the BLM has statutory authority to regulate hydraulic fracturing on federal and Indian lands is ripe now, and there would be no prejudice to Petitioners in briefing it now.  If this Court or the Tenth Circuit concludes that the Secretary has the statutory authority to promulgate the rule, Petitioners will have the opportunity to fully brief their APA and tribal consultation arguments (and any other arguments they may wish to raise) after disputes over the contents of the administrative record have been resolved.

Accordingly, the Court should bifurcate the issues in this case and resolve first whether the BLM has authority to regulate hydraulic fracturing on federal and Indian lands.

Further, the Court should expedite briefing on the issue of the BLM's statutory authority. An expedited schedule for the briefing is feasible because the briefing would only address one issue, the parties need not spend any time reviewing the voluminous record, and the legal authority issue was already briefed at the preliminary injunction stage.

The traditional schedule under Local Rule 83.6(c) is 45 days for Petitioners to file their opening brief from resolution of motions to complete or supplement the record, 30 days for Respondents to respond, and 14 days for Petitioners to reply.  Federal Respondents ask the Court to expedite that schedule and order that Petitioners file their brief on legal authority 21 days after the Court rules on this motion. Respondents respond within 14 days thereafter, and Petitioners reply within seven days thereafter.

In conclusion, to promote judicial economy and resolve doubts about the scope of the BLM's legal authority, the Court should bifurcate the legal authority issue from the other merits issues and expedite briefing on the legal authority issue.

Respectfully submitted this 30th day of November 2015.

/s/ Rebecca Jaffe
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
U.S. Department of Justice
Environment and Natural Resources Division
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
Telephone: 303-844-1349
Facsimile: 303- 844-1350
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney

/s/ Nicholas Vassallo
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

*Attorneys for Federal Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 2015 a copy of the foregoing **Federal Respondents' Motion to Bifurcate and Expedite Briefing on Legal Authority** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Rebecca Jaffe
REBECCA JAFFE