Michael S. Freeman, Colo. Bar #30007 (*Admitted Pro Hac Vice*)
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO  80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)
mfreeman@earthjustice.org

Megan L. Hayes (Bar. No. 6-2891)
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com

*Attorneys for Respondent-Intervenors Sierra Club, Earthworks, The Wilderness Society, Western Resource Advocates, Conservation Colorado Education Fund, and Southern Utah Wilderness Alliance*

Nathan Matthews, Cal. Bar # 264248 (*Admitted Pro Hac Vice*)
SIERRA CLUB
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5695 (phone)
nathan.matthews@sierraclub.org

*Attorney for Respondent-Intervenor Sierra Club*

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| **STATE OF WYOMING, et al.,** | 2:15-CV-00043-SWS [Lead] |
| **Petitioners,** | [Consolidated With 2:15-CV-00041] |
| v. | Assigned:  Hon. Scott W. Skavdahl |
| **UNITED STATES DEPARTMENT OF THE INTERIOR, et al.** | |
| **Respondents,** | **RESPONDENT-INTERVENORS' REPLY IN SUPPORT OF MOTION FOR FINAL** |
| **SIERRA CLUB, et al.,** | **JUDGMENT OR STAY OF DISTRICT COURT PROCEEDINGS PENDING** |
| **Respondent-Intervenors.** | **APPEAL** |

## INTRODUCTION

Petitioners' opposition to Respondent-Intervenors' (the Citizen Groups) motion for final judgment or stay pending appeal (Dkt # 143) is remarkable. Petitioners object to entry of an order granting judgment in their favor that would award them all the relief they can obtain in this case, while avoiding years of unnecessary litigation and expense.

Petitioners' opposition rests on a theory that they will somehow suffer prejudice from winning in this Court without drawn-out litigation over the merits. But Petitioners fail to identify any actual prejudice that would result from granting the Citizen Groups' motion. Preventing Petitioners from "presenting their full case on merits" does not represent prejudice where the final judgment awards all the relief they can obtain in this lawsuit. Similarly, Petitioners will suffer no prejudice from granting the Citizen Groups' alternative request to stay proceedings in this Court pending the appeal of the September 30 Order on Motions for Preliminary Injunction, Dkt # 130 (the September 30 Order or Preliminary Injunction Order). Because the September 30 Order enjoined the challenged regulation (the Rule), that Rule will not be in effect during the appeal.

Petitioners' desire to draw out proceedings in this Court is inconsistent with the goal of securing "the just, speedy and inexpensive determination" of this case. Fed. R. Civ. P. 1. It will waste the Court's resources and prejudice the Citizen Groups by requiring unnecessary motion practice, discovery disputes, briefing and other expense. The Court should convert its Preliminary Injunction Order to a final judgment, or alternatively stay this case pending the Citizen Groups' appeal.

1

**DISCUSSION**

**I.    THE COURT SHOULD CONVERT ITS PRELIMINARY INJUNCTION TO A FINAL JUDGMENT.**

This Court should consolidate its Preliminary Injunction Order with a final judgment because it has already determined that the Federal Respondents (collectively, BLM) lack the legal authority to issue the disputed regulation.  That dispositive legal ruling "is the end of the matter."  September 30 Order at 22.  It makes further proceedings over the scope of the administrative record, and briefing on the merits, immaterial to the outcome in this Court.  Entry of final judgment is appropriate because it will avoid unnecessary delay and expense while causing no prejudice to Petitioners, who will obtain all the relief they could get from further litigation.  Dkt # 143-1 at 1-6 (Citizen Groups' motion).

Petitioners assert that consolidation under Rule 65 is not permitted because no notice was given at the June 23 preliminary injunction hearing.  Dkt # 153 at 2-3; Dkt # 154 at 2-6.  But prior notice is not an absolute prerequisite for consolidation.  Instead, it is a general rule for avoiding unfair prejudice to the party receiving an adverse judgment.  Where (as here) no prejudice will result, it is permissible for this Court to enter final judgment after the preliminary injunction hearing is completed.

The goal of Rule 65 consolidation is efficiency: it serves to eliminate unnecessary delay, and to avoid "having the same evidence presented both at the preliminary injunction stage and later" on the merits.  11A Wright Miller Kane, Federal Practice and Procedure § 2950 at 255 (2013).  The Advisory Committee Notes to Rule 65 encourage such consolidation, stating that this step "can be exercised with particular profit when it appears that a substantial part of the evidence offered on the [preliminary injunction motion] will be relevant to the merits . . . . Repetition of evidence is thereby avoided."  Fed. R. Civ. P. 65 Advisory Committee Notes (1966

Amendment). The comments also note that consolidation "can be usefully availed of in many cases" and "will tend to expedite the final disposition of the action." Id.

Nothing in Rule 65 requires notice to the parties before consolidation. Fed. R. Civ. P. 65. To ensure fairness to the parties, however, "courts have commonly required that the parties should normally receive" notice that the preliminary injunction hearing may be consolidated with trial on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981) (internal quotations omitted); see also, Northern Arapahoe Tribe v. Hodel, 808 F.2d 741, 753 (10th Cir. 1987) ("it is generally inappropriate" to enter final judgment at the preliminary injunction stage without notice).

But this is only a general rule, rather than an unyielding prerequisite. The Supreme Court, for example, stated only that courts have "commonly required" that notice should "normally" be received. University of Texas, 451 U.S. at 395; see also, Hodel, 808 F.2d at 753 (consolidation without notice "generally" inappropriate). Courts and commentators have recognized circumstances where entry of final judgment is appropriate even without advance notice. See, e.g., U.S. ex. rel. Goldman v. Meredith, 596 F.2d 1353, 1358 (8th Cir. 1979) (final judgment appropriate where parties had stipulated to facts and court ruled as a matter of law); 11A Federal Practice and Procedure § 2950 at 264-65 (noting that "[t]here are certain circumstances . . . in which a final adjudication after a hearing on a preliminary injunction is appropriate even without formal consolidation"); see also, Campaign for Family Farms v. Glickman, 200 F.3d 1180, 1186-87 (8th Cir. 2000) (appeals court finding that consolidation was appropriate because it faced a "purely legal issue on a fixed administrative record").

One of those circumstances is where consolidation will not prejudice the other party. "A party contesting the entry of final judgment at the preliminary-injunction stage . . . must

3

demonstrate prejudice as well as surprise." 11A Federal Practice and Procedure § 2950 at 258-61; see also, Holly Sugar Corp. v. Co-op Beet Growers Ass'n, 725 F.2d 564, 568 (10th Cir. 1984) (upholding consolidation despite allegedly inadequate notice where the objecting party suffered no prejudice); Socialist Workers Party v. Illinois State Bd. of Elections, 566 F.2d 586, 587 (7th Cir.1977) (per curiam), aff'd on other grounds, 440 U.S. 173 (1979) (same).

Petitioners' objections fail because they will not be prejudiced by entry of final judgment in their favor.[1] They do not identify any relief they could obtain from further litigation that would be denied them if the Citizen Groups' motion is granted. Instead, Petitioners claim they somehow will be prejudiced by being denied the opportunity to engage in protracted litigation despite having already prevailed as a matter of law.

Petitioners plainly want to draw out proceedings in this Court with more briefing and administrative record disputes. They apparently also plan to pursue "a course of discovery" and even seek a "trial on the merits" despite this being an Administrative Procedure Act case. Dkt # 153 at 1. But an order entering judgment in their favor while avoiding such unnecessary litigation does not prejudice them. This Court has broad discretion over procedural matters. See, e.g., S.E.C. v. Merrill Scott & Associates, Ltd., 600 F.3d 1262, 1271 (10th Cir. 2010). Given that the Court has ruled in Petitioners' favor on a dispositive legal issue, they have no right to

---

[1] The cases cited by Petitioners are inapposite because they all involve parties objecting to entry of final judgment against them. Petitioners fail to cite a single case where a party objected to entry of final judgment in its favor. See Hodel, 808 F.2d at 747 (tribe appealed entry of judgment against it following temporary restraining order hearing); American Train Dispatchers v. Fort Smith R.R. Co., 121 F.3d 267, 269 (7th Cir. 1997) (affirming Rule 65 consolidation in appeal brought by party that lost in district court); Paris v. United States Dep't of Housing and Urban Dev., 713 F.3d 1341, 1343-44 (7th Cir. 1983) (plaintiffs appealed final judgment entered against them without notice); Pughsley v. 3750 Lake Shore Drive Cooperative Bldg, 463 F.2d 1055 (7th Cir. 1972) (plaintiffs challenged dismissal of their case following preliminary injunction hearing); see also, University of Texas, 451 U.S. at 392-96 (case did not involve Rule 65 consolidation). If anything, the examples cited by Petitioners illustrate how this case presents an unusual circumstance that justifies consolidation.

4


insist on further briefing or litigation before receiving all the relief they have requested. That is especially true because further proceedings would almost certainly be immaterial to the final outcome in this Court. Dkt # 143-1 at 3-4.

Contrary to Petitioners' arguments, their desire for further litigation in this Court over whether the Rule is arbitrary and capricious (in addition to being outside BLM's legal authority) does not represent prejudice. See Dkt # 153 at 5-6; Dkt # 154 at 6-7. As BLM notes, this Court's ruling that the agency lacks legal authority to issue the Rule "is a threshold issue that . . . dispose[s] of the case or controversy [and] moot[s] the other issues in this case." Dkt # 155 at 5. Waiting for BLM to add additional documents to the record, pursuing discovery, and having extensive proceedings on the merits, will not provide Petitioners any further relief.

Moreover, if the Tenth Circuit affirms this Court's award of final judgment, it will dispose of this case and render irrelevant the additional record documents and discovery sought by Petitioners. Dkt # 143-1 at 7-8. Even if the Tenth Circuit does not affirm the final judgment, however, Petitioners will suffer no prejudice. In that event, Petitioners will have a full opportunity on remand for further litigation over the merits with the benefit of additional record documents. Petitioners offer no reason to believe that they will be impaired in presenting "their full case on merits" later, if that ultimately turns out to be necessary. Dkt # 153 at 5.

In contrast, Petitioners' desire to draw out the current proceedings will waste judicial resources and prejudice BLM and the Citizen Groups. It will consume substantial resources over litigation of issues that are immaterial in light of the Court's Preliminary Injunction Order, and which the Tenth Circuit may render entirely unnecessary. The Court should grant the Citizen Groups' motion for final judgment.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY PROCEEDINGS PENDING APPEAL.

In the alternative, proceedings in this Court should be stayed for the stake of judicial economy while the Preliminary Injunction Order is appealed.  It would be a waste of the resources of the Court and the parties to pursue further litigation while the Tenth Circuit reviews the Court's dispositive ruling that BLM lacks legal authority to adopt the Rule.  If the Tenth Circuit affirms the September 30 Order, further proceedings in this Court likely will be unnecessary.  And even if a Tenth Circuit ruling on the injunction does not end the litigation, its ruling will substantially clarify the issues in this case and the parameters for judicial review.  Moreover, Petitioners would suffer no prejudice from such a stay: the Rule has been enjoined during the pendency of the appeal.  Dkt # 143-1 at 8-9.

Petitioners fail to show that a stay will not serve the interest of judicial economy.  They do not seriously dispute that if the Tenth Circuit affirms this Court's ruling that BLM lacks legal authority to issue the Rule, that decision will be dispositive and render unnecessary any further proceedings in this case.[2]  See Dkt # 154 at 8-9 (Industry Petitioners' Response); Dkt # 153 at 8-9 (State Petitioners' Response fails to identify any reason why affirmance on legal authority issue would not dispose of the entire case).  Moreover, an appellate decision affirming this Court's other conclusions that the Rule is arbitrary and capricious may also avoid the need for any further litigation.  Dkt # 143-1 at 8.

---

[2] BLM agrees with the Citizen Groups that the Court's legal authority ruling "is dispositive of the case and is a purely legal matter." Dkt # 155 at 2.  The agency, however, opposes a stay pending appeal because BLM believes it would slow the process of getting a "resolution of the merits of the legal authority issue." Dkt # 152 at 2-3.  The Citizen Groups respectfully disagree.  That issue will be presented to the Tenth Circuit as part of the pending appeal of the September 30 Order, which will resolve the question more efficiently than re-litigating it in this Court followed (in all likelihood) by another appeal to the Tenth Circuit.

Even if the Tenth Circuit's decision does not eliminate the need for further proceedings in this Court, it will provide significant guidance regarding many of the central issues on remand. See Dkt # 143-1 at 8-9 (identifying several such issues). Tellingly, Petitioners offer no basis to doubt that a Tenth Circuit ruling will substantially affect the direction of this case on remand. Dkt # 153 at 9; Dkt # 154 at 9 (Petitioners' responses). Their implicit concession demonstrates the benefit of a stay: it avoids the prospect that the Court will resolve the merits consistent with the analysis and holdings of the September 30 Order, and then have to reconsider those merits rulings based on the Tenth Circuit's decision. Waiting for a Tenth Circuit ruling will significantly advance the course of this litigation in any remand and thus better serve the interests of judicial efficiency. Beltronics USA, Inc. v. Midwest Inventory Distribution LLC, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008).

Petitioners argue that a stay will deny them the "right to proceed in court" and to "pursue all grounds for setting aside the Final Rule." Dkt # 153 at 8-9; see also, Dkt # 154 at 7. Courts do not view a stay as denying any such "right." In cases like this one, courts routinely stay proceedings while an appeal is pending. See, e.g., Association of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); Beltronics, 545 F. Supp. 2d at 1190; Boellstorf v. State Farm Mutual Auto. Ins. Co., No. 05-cv-2192, 2007 WL 552247, **4-5 (D. Colo. Feb. 20, 2007); see also United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003) (citing Landis, et al. v. North American Co., 299 U.S. 248, 254 (1936)) (district court can stay proceedings pending outcome of litigation in another court).[3]

---

[3] The State Petitioners' reliance on Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt, Inc., 713 F.2d 1477 (10th Cir. 1983), is misplaced. Dkt # 153 at 8. Commodity Futures involved an order by a Colorado U.S district court that "stayed all proceedings in seven other suits in that court and, in addition, stayed one action in the District Court of Arizona and one in an Arizona state court." 713 F.2d at 1479. Nothing like that is at issue here.

7

Despite their desire to keep litigating in this Court, Petitioners fail to identify <u>any</u> material issues that will not be presented to the Tenth Circuit in the pending appeal. At best, Petitioners are speculating that they may be able to think up new arguments for challenging the Rule if they succeed in drawing out proceedings in this Court. That speculation does not justify the time and expense of continued litigation while this case is before the Tenth Circuit. If a remand ultimately turns out to be necessary, Petitioners' ability to raise any issues or litigate the merits at that point will not be prejudiced by having waited for the Tenth Circuit's decision.

Moreover, the purpose of proceeding in this Court is to reach a "just, speedy and inexpensive determination" of the case so that a plaintiff can obtain relief in a timely manner. <u>See</u> Fed. R. Civ. P. 1. Here, Petitioners <u>already</u> have obtained "speedy" relief in the form of a preliminary injunction barring implementation of BLM's Rule on several grounds. <u>See</u> Dkt # 130. As a result, the Industry Petitioners' members will not have to comply with the Rule while the Tenth Circuit appeal is pending. Deferring further litigation in this Court will not prejudice Petitioners. <u>See</u> <u>Teague v. Mayo</u>, 553 F.3d 1068, 1071-72 (7th Cir. 2009) (delay did not cause plaintiff prejudice where it did not affect availability of remedy).

The Industry Petitioners also fault the Citizen Groups for supposedly "not cooperat[ing]" and "hav[ing] done nothing to advance the litigation" since the Court's September 30 Order. Dkt # 154 at 8-9. These charges are disingenuous. By taking "no position" on motions related to the administrative record, the Citizen Groups in no way impeded or delayed BLM's preparation of that record.[4] The Industry Petitioners also do not identify anything else the Citizen Groups could have done to "advance the litigation" in this Court. Dkt # 154 at 9.

---

[4] If acceptable to BLM, the Citizen Groups would not oppose an order that stays all proceedings <u>after</u> BLM's filing of additional administrative record documents on January 19, 2016. That step

8

Similarly, their criticism of Citizen Groups for not filing a notice of appeal sooner is meritless. As Industry Petitioners are well aware, BLM had a number of discussions with other parties in the weeks following the September 30 Order while the agency decided how it wanted to proceed in this Court and with regard to an appeal. By mid-November, BLM had not yet made those decisions. See Dkt # 144 at 3 (noting on Nov. 16th that BLM had "not decided whether to appeal the Preliminary Injunction Order" because agency's decision processes were still ongoing); id. and Dkt # 143 at 2 (as of same date, BLM had not yet taken position regarding a stay in the district court); see also, Dkt ## 133, 138-1, 140, 141 (reflecting discussions between BLM and Petitioners over administrative record). The Industry Petitioners cannot fault the Citizen Groups for attempting to accommodate BLM's decision-making process and coordinate with the agency on an appeal.

This case should be stayed because the Court has already issued a dispositive legal ruling, and an affirmance by the Tenth Circuit will likely make further proceedings unnecessary in this Court. Petitioners will suffer no prejudice from a stay pending appeal because the Court has enjoined implementation of the Rule.

## CONCLUSION

For the reasons stated above and in the Citizen Groups' motion, this Court should consolidate its Preliminary Injunction Order with a final judgment on the merits. Alternatively, the Citizen Groups request that the Court stay proceedings in the district court pending their appeal of the Preliminary Injunction Order.

---

would allow the parties to proceed promptly with litigation on the merits if it proves to be necessary after the Tenth Circuit rules.

9

Dated:  December 7, 2015

        *s/Michael S. Freeman*
        Michael S. Freeman
        EARTHJUSTICE
        633 17th Street, Suite 1600
        Denver, CO  80202
        (303) 623-9466 (phone)
        (303) 623-8083 (facsimile)
        mfreeman@earthjustice.org

        Megan L. Hayes
        Attorney at Law
        910 Kearney Street
        Laramie, WY 82070
        (307) 760-6258
        mlhayes@wyoming.com

        *Attorneys for Respondent-Intervenors Sierra Club, Earthworks, The Wilderness Society, Western Resource Advocates, Conservation Colorado Education Fund, and Southern Utah Wilderness Alliance*

        Nathan Matthews
        SIERRA CLUB
        85 Second Street, 2nd Floor
        San Francisco, CA 94105
        (415) 977-5695 (phone)
        nathan.matthews@sierraclub.org

        *Attorney for Respondent-Intervenor Sierra Club*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2015 a copy of the foregoing **RESPONDENT-INTERVENORS' REPLY IN SUPPORT OF MOTION FOR FINAL JUDGMENT OR STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Michael S. Freeman