JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
303-844-1349
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING, et al., ) | |
| ) | Civil Case No. 15-CV-43-SWS |
| *Petitioners*, ) | |
| v. ) | (consolidated with No. 15-CV-41-SWS) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **FEDERAL RESPONDENTS'** |
| THE INTERIOR, et al., ) | **REPLY TO STATE PETITIONERS'** |
| ) | **OPPOSITION TO MOTION TO** |
| *Respondents.* ) | **BIFURCATE AND EXPEDITE** |
| ) | **BRIEFING ON LEGAL** |
| | **AUTHORITY** |

## INTRODUCTION

State Petitioners misunderstand the relief Federal Respondents seek in their Motion to Bifurcate and Expedite Briefing on Legal Authority ("Motion to Bifurcate") (ECF No. 155). Federal Respondents ask the Court to expedite resolution of the threshold issue in this case—namely, the Bureau of Land Management's (BLM) legal authority to regulate hydraulic fracturing. Specifically, the Court should (i) separate from all other merits issues the questions of whether the statutory provisions listed in revised 43 C.F.R. § 3160.0-3 grant the BLM authority to regulate hydraulic fracturing on federal and Indian lands, and if so, whether that authority is precluded by the Safe Drinking Water Act of 1974 ("SDWA"), 42 U.S.C. §§ 300f to 300j-26, as amended by the Energy Policy Act of 2005, Pub. L. No. 109-58 § 322, 119 Stat. 594 (2005); and (ii) expedite briefing on the merits of these statutory authority questions. Contrary to State Petitioners' arguments in their Opposition (ECF No. 163), the Motion to Bifurcate will not cause delay and will not prejudice Petitioners. Federal Respondents will not delay their voluntary production of a corrected administrative record, do not seek a bifurcation of trial under Federal Rule of Civil Procedure 42, and do not seek a stay. Instead, Federal Respondents are asking the Court to resolve the threshold legal issue while the parties work to resolve their disputes regarding the administrative record.

## ARGUMENT

State Petitioners' arguments lack merit. First, the Motion to Bifurcate will not cause delay and, instead, will hasten final resolution of this case. Because the BLM's legal authority to regulate hydraulic fracturing is the threshold issue, bifurcating and addressing this issue first, and on an expedited basis, will likely lead to a final judgment and, thus, will promote judicial economy. "It is axiomatic that an administrative agency's power to promulgate legislative

regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). In *Bowen*, the Supreme Court held that the agency had no authority to promulgate a retroactive cost-limit rule, and, as a result, the rule was "invalid." *Id.* at 216. The Supreme Court emphasized that "[i]n determining the validity of the Secretary's retroactive cost-limit rule, *the threshold question* is whether the Medicare Act authorizes retroactive rulemaking." *Id.* at 208 (emphasis added). Absent statutory authority, a rule is invalid.

Likewise, here, the threshold issue is whether Congress has granted the BLM authority to regulate hydraulic fracturing. In its September 30, 2015 Order, the Court held that "Congress has not authorized or delegated to the BLM authority to regulate hydraulic fracturing." (ECF No. 130 at 53.) Should the Court reach a similar holding after the parties fully brief this issue, that holding will require invalidation and vacatur of the BLM Rule and will fully resolve the case or controversy before the Court, thus meriting issuance of a final judgment. The Court would not need to, and indeed could not, reach Petitioners' numerous other arguments—e.g., whether elements of the BLM Rule lacked sufficient support in the administrative record, were arbitrary and capricious, or were issued in violation of tribal consultation requirements. Nor would the usual remedy for such claims, i.e., remand to the agency, be available. Absent legal authority to regulate, the Court cannot remand a rule to an agency to fix any problems in the administrative process of crafting the rule.

Second, State Petitioners' reliance upon Federal Rule of Civil Procedure 42(b) is misplaced. Rule 42(b) pertains to a district court's authority to order separate trials and is inapplicable to this administrative review case, which will not have a trial or discovery. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994). The Motion to

Bifurcate does not rely on Rule 42; it relies on the Court's inherent authority to manage its docket and set briefing schedules. *See, e.g., Utah Republican Party v. Herbert*, No. 2:14-CV-00876, 2015 WL 6394534, at *3 (D. Utah Oct. 22, 2015) ("A federal trial court has *inherent* authority to manage its docket.") (emphasis in original). In other words, the Motion to Bifurcate is a scheduling motion. It asks the Court to use its inherent authority over scheduling matters to enable the parties to brief the threshold legal issue on an expedited basis.

To be clear, Federal Respondents are not proposing bifurcation in lieu of completing the administrative record, nor are Federal Respondents proposing a stay of any kind.[1] Federal Respondents instead seek to proceed on parallel tracks, addressing the legal authority threshold issue *at the same time as* the parties address the administrative record. Federal Respondents are reviewing the administrative record and will be producing a corrected or supplemental record on or by January 19, 2016, regardless of the outcome of the Motion to Bifurcate. As indicated in their Motion To Enlarge Time For Responses To Motions To Complete And Modify Administrative Record, Federal Respondents expect that this record "is likely to resolve or significantly narrow the disputes among the parties." (ECF No. 140 at 2.) But, unless and until State and Industry Petitioners withdraw their respective motions to complete and modify the administrative record (ECF Nos. 137 & 138), the parties will need to address the pending administrative record disputes.

Under the current schedule, Petitioners' deadline to file replies in support of their record motions is January 26, 2016, and merits briefing would resume, at the earliest, 45 days after this

---

[1] State Petitioners' citation to *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477 (10th Cir. 1983), is inapt because that case involved the Tenth Circuit's review of a district court's decision to stay nine separate lawsuits. Federal Respondents do not seek—and, in fact, have opposed (*see* ECF No. 152 at 2)—any stay of district court proceedings.

Court decides the record motions. This schedule, moreover, could be even further delayed if Petitioners raise additional objections to the corrected or supplemental record, or if the Court directs the BLM to make significant changes to that record. Judicial economy would be served if the Parties used the time between now and then to resolve the threshold issue of the BLM's legal authority. Because the administrative record is a prerequisite to briefing the remaining issues, but not to briefing the BLM's statutory authority to regulate hydraulic fracturing, the former issues are not ready for immediate resolution whereas the latter is ripe now.

Finally, State Petitioners fail to demonstrate that the Motion to Bifurcate will prejudice them. The BLM's statutory authority is the threshold question. If the Court holds that the BLM has that authority, the parties will brief State Petitioners' remaining arguments without delay. If the Court holds that the BLM lacks such authority, State Petitioners will obtain all the relief to which they are entitled—i.e., vacatur of the BLM Rule—and there will be no more case or controversy before the Court, thus disposing of all remaining challenges to the BLM Rule. And if the Court holds that the BLM lacks such authority and the Tenth Circuit reverses, Petitioners can still address their remaining arguments on remand. They would not be prejudiced because, under the Court's preliminary injunction order, the BLM Rule is not in effect.

## CONCLUSION

The Court has inherent authority to manage its docket and to set briefing schedules. Granting the Motion to Bifurcate will hasten resolution of this suit without prejudicing Petitioners and will give the BLM finality on important issues that implicate its management of public lands generally, and certain aspects of the federal oil and gas program in particular.

Respectfully submitted this 17th day of December 2015.

/s/ Rebecca Jaffe
WILLIAM E. GERARD

5

JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
U.S. Department of Justice
Environment and Natural Resources Division
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
Telephone: 303-844-1349
Facsimile: 303- 844-1350
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney

/s/ Nicholas Vassallo
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

*Attorneys for Federal Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2015 a copy of the foregoing **Federal Respondents' Reply to State Petitioners' Opposition to Federal Respondents' Motion to Bifurcate and Expedite Briefing on Legal Authority** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Rebecca Jaffe
REBECCA JAFFE