IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 DEC 17 PM 3 52
STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING, STATE OF COLORADO,<br><br>    Petitioners,<br><br>STATE OF NORTH DAKOTA, STATE OF UTAH, and UTE INDIAN TRIBE,<br><br>    Intervenor-Petitioners,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; and NEIL KORNZE, in his official capacity as Director of the Bureau of Land Management,<br><br>    Respondents,<br><br>SIERRA CLUB, EARTHWORKS, WESTERN RESOURCE ADVOCATES, CONSERVATION COLOARDO EDUCATION FUND, THE WILDERNESS SOCIETY, and SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Intervenor-Respondents. | Case No. 2:15-CV-043-SWS<br>(Lead Case)<br><br>**ORDER DENYING MOTION FOR FINAL JUDGMENT OR STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL** |
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and WESTERN ENERGY ALLIANCE,<br><br>    Petitioners,<br><br>vs.<br><br>SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior; and BUREAU OF LAND MANAGEMENT,<br><br>    Respondents. | Case No. 2:15-CV-041-SWS |

This matter comes before the Court on Intervenor-Respondents' *Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal* (ECF No. 143). The Court, having considered the motion and the responses/oppositions thereto, and being otherwise fully advised, FINDS and ORDERS as follows:

1. First, the Intervenor-Respondents request the Court consolidate its September 30 *Order on Motions for Preliminary Injunction* ("*Order*") (ECF No. 130) with a final judgment on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. Movants argue the Court's determination that the BLM lacks the authority to issue its final rule regulating hydraulic fracturing ("Fracking Rule") is a dispositive legal ruling, making proceedings over the scope of the administrative record or further briefing on the merits immaterial to a final judgment entered by this Court. Rule 65(a)(2) provides: "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." This request for consolidation is being made 145 days after the Court held a hearing on the preliminary injunction motions and 47 days following the Court's ruling on the motions.

2. The Court agrees with the State and Industry Petitioners and Intervenor-Petitioners (hereinafter collectively referred to as "Petitioners") that consolidation is not appropriate for at least three reasons. First and foremost, the parties did not receive timely notice of a possible consolidation. "[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). While Rule 65(a)(2) provides a means of expediting a decision on the merits when appropriate, before doing so, "courts have commonly required that the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] *either before the hearing commences or at a time which will still afford the parties a*

*full opportunity to present their respective cases.*" *Id.* (emphasis added). *See also Northern Arapahoe Tribe v. Hodel*, 808 F.2d 741, 753 (10th Cir. 1987); *Holly Sugar Corp. v. Goshen Cnty. Co-op Beet Growers Ass'n*, 725 F.2d 564, 568 (10th Cir. 1984) ("the parties must be given adequate notice of the consolidation so that they may be given a full opportunity to present their evidence"). At the time the parties presented their respective arguments here, they lacked any notice whatsoever that the Court might consolidate its consideration of the preliminary injunction motions with the merits. To the contrary, the record establishes that the arguments advanced by the parties and the Court's findings were made in the context of the standard for granting a preliminary injunction.

3. Second, granting the request for consolidation will prejudice the Petitioners in their ability to review the complete administrative record and develop all arguments and evidence supporting their petitions for review of the BLM's Fracking Rule. Petitioners have not presented *any* arguments based on a review of the administrative record because, at the time the motions were filed, BLM had not lodged any portion of the administrative record. Following the hearing, the Court allowed citations to the record in support of their positions but no further argument. BLM's submission of the administrative record remains incomplete. Movants argue Petitioners are not prejudiced because converting the Court's *Order* to a final judgment will give them all the relief they can obtain after further proceedings on the merits: a decision setting aside the Rule as unlawful. The Court agrees with Petitioners that the movants' position is an over-simplification of the Court's *Order*. The Court concluded that the Petitioners had established a likelihood of success on the merits because "[a]t this point, the Court does not believe Congress has granted or delegated to the BLM authority to regulate fracking." *Order* at

51. *See also Northern Arapahoe Tribe*, 808 F.2d at 753 ("injunction standard of probable success on the merits is not equivalent to actual success on the merits").

4. The Court also premised its ruling on "the paucity of evidentiary support for the Rule," concluding "the Fracking Rule is likely arbitrary, requiring it be set aside" (*Order* at 22, 27), and discussed additional particular aspects of the Fracking Rule found problematic (*id.* at 28-36). The Court was further persuaded by the Ute Indian Tribe's argument that "the BLM failed to consult with the Tribe on a government-to-government basis in accordance with its own policies and procedures." *Id.* at 36. The Petitioners did not have "ample opportunity" to present and develop these or any other fact-specific challenges to the Fracking Rule because they were made for the more "limited purpose" of preserving the status quo and "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* at 6 (quoting *Univ. of Texas v. Camenisch*, 451 U.S. at 395). Indeed, the BLM had not lodged the administrative record by the time of the hearing, and only an incomplete record was submitted prior to the Court's ruling.

5. Third, the outcome of this case is not necessarily limited to a legal issue, and review of a complete record is important to all issues submitted to the Court on the merits. Certainly factual development is essential to Petitioners' arguments that the Fracking Rule is arbitrary and capricious. But when considering whether the BLM properly interpreted various mineral leasing statutes as granting the agency authority to regulate hydraulic fracturing, the Court likewise considered factual evidence related to BLM's past regulatory practice. *See Order* at 13-14. When complete, the administrative record may very well provide insight into BLM's historic understanding of the scope of the agency's regulatory jurisdiction and to demonstrate

BLM's awareness that after 2005 the authority to regulate hydraulic fracturing rested exclusively with the states.

6. Intervenor-Respondents alternatively request the Court stay these proceedings pending appeal of the preliminary injunction, arguing it would be a waste of resources to pursue further litigation while the Tenth Circuit is reviewing the Court's ruling that BLM lacks legal authority to adopt the Rule. However, that argument assumes the appeal will be limited to that issue alone and the appellate court's opinion will be dispositive and final. The issues in this case are not solely legal; there are also factual issues dependent on a review of the complete record. It is further inconsistent for Intervenor-Respondents to argue the Court should "seek to conclude the litigation at the earliest possible date" (Intervenor-Resp'ts Mot. at 6) and, on the other hand, ask the Court to wait and see if further proceedings are necessary or what the scope of those proceedings will be.

7. During the pendency of Intervenor-Respondents' and Respondents' appeal of the preliminary injunction, this Court retains jurisdiction to act on matters not involved in the appeal and to proceed with the action on the merits. *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (citing *Colorado v. Idarado Min. Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990) and *Garcia v. Burlington N. R.R. Co.*, 818 F.3d 713, 721 (10th Cir. 1987)). The matter on appeal is whether a preliminary injunction should remain in place while Petitioners pursue a final judgment. While the Court has the inherent power to stay proceedings before it, this discretion should be used to provide "economy of time and effort for itself, for counsel, and for litigants." *Beltronics*, 545 F. Supp. 2d at 1189 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In exercising this discretion, the court 'must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 255). The

Tenth Circuit has recognized that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

8. The Court finds a stay of the proceedings here would needlessly delay Petitioners' right to pursue all grounds for setting aside the Fracking Rule based on a complete administrative record. The Court is not convinced that finalizing and verifying the administrative record in this Administrative Procedures Act case would be a waste of resources, given the relevance of the record to the challenges being made and the preliminary stage of these proceedings. Whatever the Tenth Circuit rules in reviewing this Court's preliminary injunction will not control what is or is not a part of the administrative record. Although Intervenor-Respondents' assume the final administrative record may be immaterial to the outcome, this Court is not prepared to be so presumptuous. THEREFORE, it is hereby

ORDERED that Intervenor-Respondents' *Motion for Final Judgment or Stay of District Court Proceedings Pending Appeal* (ECF No. 143) is DENIED.

DATED this 17th day of December, 2015.

Scott W. Skavdahl
United States District Judge