JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
303-844-1349
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, et al., ) | |
| ) | Civil Case No. 15-CV-43-SWS |
| *Petitioners*, ) | |
| v. ) | (consolidated with No. 15-CV-41-SWS) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **FEDERAL RESPONDENTS'** |
| THE INTERIOR, et al., ) | **REPLY TO INDUSTRY** |
| ) | **PETITIONERS' OPPOSITION TO** |
| *Respondents.* ) | **MOTION TO BIFURCATE AND** |
| ) | **EXPEDITE BRIEFING ON LEGAL** |
| | **AUTHORITY** |

## INTRODUCTION

Professing an alleged desire to expedite proceedings in this case, Industry Petitioners nonetheless argue against the last, best opportunity for expeditious resolution of the most critical question in this case. First, Industry Petitioners mischaracterize the Motion to Bifurcate. Federal Respondents do not seek a stay and will not delay their production of a corrected or supplemental administrative record. Federal Respondents simply ask the Court to expedite resolution of the threshold issue in this case—namely, the Bureau of Land Management's ("BLM") legal authority to regulate hydraulic fracturing. Second, Industry Petitioners attempt to infuse the administrative record into the statutory interpretation question that the Court can decide based upon statutes and regulations—federal state, and tribal—which are fully available to all parties and the Court without an administrative record. Accordingly, the Court should bifurcate the legal authority issue from the remaining issues in the case and expedite briefing on that issue.

## ARGUMENT

The Motion to Bifurcate will not cause delay and, instead, will hasten final resolution of this case. As Federal Respondents explained in their Reply to State Petitioners' Opposition to the Motion to Bifurcate (ECF No. 170)—which Federal Respondents incorporate herein by reference—if the Court holds that the BLM lacks authority to regulate hydraulic fracturing, then the Court will issue a final judgment and vacate the BLM Rule, thus ending the District Court litigation. And if it does not vacate the BLM Rule on that basis, the parties will brief, and this Court will decide, the Petitioners' remaining legal arguments based on the administrative record. Contrary to Industry Petitioners' arguments in their Response in Opposition (ECF No. 167), Federal Respondents do not seek to stay any part of the litigation. The Motion to Bifurcate instead recognizes that the dispositive issue concerning the BLM's statutory authority could be

fully resolved much more quickly than the remaining issues, because the latter rely on an administrative record that is not yet complete. Industry Petitioners emphasize the delays that have already occurred, blaming Federal Respondents for not producing the administrative record more quickly, but they cannot seriously contest that it would serve judicial economy to resolve legal issues that are currently ripe for review as expeditiously as possible.

Industry Petitioners next argue that the administrative record is necessary to resolve the threshold question of the BLM's statutory authority to regulate hydraulic fracturing, but they are wrong. That issue is purely legal and requires no factual development from the administrative record. Industry Petitioners' arguments to the contrary are baseless.

For one, Industry Petitioners assert that this Court considered "factual evidence" in determining whether the BLM had previously invoked the Federal Land Policy and Management Act as authority for oil and gas regulations. (ECF No. 167 at 8−9.) And they argue that the consideration of factual evidence is necessary to test Federal Respondents' assertion that hydraulic fracturing was regulated under the BLM's prior regulations. (*Id*. at 9.) Both arguments are specious, because there is no need to access the administrative record for such information. Insofar as the parties or this Court may wish to examine the BLM's history of regulating oil and gas under any of the statutes at issue in this case or its prior formal interpretations of the statutes it administers (*see id*. at 8−9), the necessary information is readily available in the Federal Register and the Code of Federal Regulations, independent of the administrative record. *Cf. Jackson Hole Conservation All. v. Babbitt*, 96 F. Supp. 2d 1288, 1296 (D. Wyo. 2000) (recognizing that the record review doctrine bars consideration of factual evidence not already contained in the administrative record, but does not bar the consideration of regulations); *Contracting Consulting Eng'g LLC v. United States*, 104 Fed. Cl. 36, 38 (2012)

(denying plaintiff's motion to supplement the administrative record with regulations because "Army regulations are legal authorities and not a matter for supplementation.  They can be cited as authorities in plaintiff's brief, and the court will regard them as authorities . . . .").  Thus, in the preliminary injunction order's discussion of legal authority, the Court relied solely on case law, statutes, and regulatory provisions when it addressed the BLM's past regulatory practice and past interpretations of the statutes that it administers.  (*See* ECF No. 130 at 10, 13−14, 16.)  All such authorities are readily available without the administrative record.

Industry Petitioners also argue that factual development is necessary to determine whether the BLM Rule displaced or interfered with state regulations.  (*See id*. at 10.)  As a threshold matter, whether a rule pertaining to the development of the federal mineral estate infringes on state regulations is not clearly relevant to the Court's "statutory authority" inquiry.  But to the extent it may be relevant, this Court's review of the impacted State regulations also would not require the administrative record.[1]

Finally, Industry Petitioners argue that this Court must examine the administrative record in order to test the BLM's assertion that the BLM Rule was "'necessary to [ ]' . . . (i) manage lands under the principles of multiple use and sustained yield; (ii) prevent unnecessary or undue degradation; and (iii) prevent waste of federal minerals."  (ECF No. 167 at 9 (quoting ECF No.

---

[1] Relatedly, Industry Petitioners erroneously assert that the record is necessary to address Federal Respondents' argument "that interpreting the Energy Policy Act as precluding BLM's regulation of hydraulic fracturing would lead to 'absurd results.'"  (ECF No. 167 at 9 (quoting ECF No. 68 at 18).)  Industry Petitioners misapprehend Federal Respondents' argument.  The argument is that, if the Court construes this statute to preclude BLM regulation of hydraulic fracturing, the BLM will be unable to meet its statutory responsibilities to manage and protect Federal and Indian trust lands and will, instead, be dependent on state and tribal regulation and enforcement that may be inadequate.  (*See* ECF No. 68 at 18−19.)  That argument does not reference the record.  Insofar as the Court is inclined to examine state or tribal regulations and compare them to the BLM's rule, it can do so without the administrative record.

68 at 11).)  In so arguing, Industry Petitioners improperly conflate their arguments that the BLM failed to justify the BLM Rule, which are based on the record, with their arguments that the BLM lacks authority to regulate hydraulic fracturing in the first place, which are purely legal and can be resolved without reference to the record.  Federal Respondents agree that Industry Petitioners' numerous Administrative Procedure Act arguments depend upon the massive and disputed administrative record; Federal Respondents propose bifurcating the threshold legal authority issue precisely for that reason.

## CONCLUSION

The Court can resolve the legal authority issue without the administrative record. Granting the Motion to Bifurcate will hasten resolution of this suit and promote judicial economy.

Respectfully submitted this 18th day of December 2015.

/s/ Rebecca Jaffe
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
U.S. Department of Justice
Environment and Natural Resources Division
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
Telephone: 303-844-1349
Facsimile: 303- 844-1350
david.a.carson@usdoj.gov

                CHRISTOPHER A. CROFTS
                United States Attorney

                /s/ Nicholas Vassallo
                NICHOLAS VASSALLO (WY Bar #5-2443)
                Assistant United States Attorney
                P.O. Box 668
                Cheyenne, WY 82003-0668
                Telephone: 307-772-2124
                nick.vassallo@usdoj.gov

                *Attorneys for Federal Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December 2015 a copy of the foregoing **Federal Respondents' Reply to Industry Petitioners' Opposition to Federal Respondents' Motion to Bifurcate and Expedite Briefing on Legal Authority** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

  /s/ Rebecca Jaffe
REBECCA JAFFE