IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 DEC 29  AM 11 04

STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| STATE OF WYOMING, STATE OF COLORADO, <br><br> Petitioners, <br><br> STATE OF NORTH DAKOTA, STATE OF UTAH, and UTE INDIAN TRIBE, <br><br> Intervenor-Petitioners, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; and NEIL KORNZE, in his official capacity as Director of the Bureau of Land Management, <br><br> Respondents, <br><br> SIERRA CLUB, EARTHWORKS, WESTERN RESOURCE ADVOCATES, CONSERVATION COLOARDO EDUCATION FUND, THE WILDERNESS SOCIETY, and SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Intervenor-Respondents. | Case No. 2:15-CV-043-SWS <br> **(Lead Case)** <br><br><br><br> **ORDER DENYING MOTION TO BIFURCATE AND EXPEDITE BRIEFING ON LEGAL AUTHORITY** |
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and WESTERN ENERGY ALLIANCE, <br><br> Petitioners, <br><br> vs. <br><br> SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior; and BUREAU OF LAND MANAGEMENT, <br><br> Respondents. | Case No. 2:15-CV-041-SWS |

This matter comes before the Court on Federal Respondents' *Motion to Bifurcate and Expedite Briefing on Legal Authority* (ECF No. 155). The Court, having considered the briefs in support of the motion and the responses/oppositions thereto, and being otherwise fully advised, FINDS and ORDERS as follows:

1. Respondents argue the Court's preliminary injunction ruling that the Secretary of the Interior lacks statutory authority to promulgate the final hydraulic fracturing rule ("Fracking Rule") is dispositive of the case and is a purely legal matter that requires no examination of the administrative record. However, the Court is not prepared to assume the administrative record is entirely irrelevant to the issue of whether the BLM has been granted the authority to regulate hydraulic fracturing. The administrative record may well inform the parties' arguments and the Court's analysis of this issue. Accordingly, expediting briefing and consideration of this issue *before* submission of the complete administrative record would prejudice Petitioners and unnecessarily promote piecemeal litigation.

2. Respondents do not cite any particular procedural rule in support of their request to separate the issue of BLM's authority to regulate hydraulic fracturing from all other merits issues, relying simply on the Court's inherent authority to manage its docket. However, an expedited ruling on this issue would necessarily require entry of final judgment on that issue pursuant to Fed. R. Civ. P. 54(b) so that Respondents would have "the opportunity to seek appellate review of that judgment if appropriate" (Mot. at 7), which would result in piecemeal appeals. In determining whether to enter judgment pursuant to Rule 54(b), the Court should weigh the Rule's "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, LP*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, the granting of a Rule 54(b) certification is left to the sound

discretion of the district court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (recognizing "historic federal policy against piecemeal appeals"). Because the Court cannot at this time conclude that the analysis of the issue requires no examination of the administrative record, the equities weigh against bifurcating the issue of the BLM's authority to regulate hydraulic fracturing from the other merits issues.

3. Respondents insist that bifurcation would avoid resolution of this threshold legal issue from being delayed by the ongoing "record compilation process and [] associated motions practice[.]" (Mot. at 6.) However, the delay in completion of the administrative record is largely a problem of Respondents' own making. After receiving two extensions of the deadline for lodging the administrative record, Respondents lodged an *incomplete* record on August 27, 2015. The most efficient way to resolve this case is to have the BLM finally lodge a complete administrative record which will trigger the briefing schedule set forth by this Court's local rules. *See* U.S.D.C.L.R. 83.6(c). The Court finds no justification to proceed in a piecemeal fashion.

THEREFORE, it is hereby

ORDERED that Federal Respondents' *Motion to Bifurcate and Expedite Briefing on Legal Authority* (ECF No. 155) is DENIED.

DATED this 29th day of December, 2015.

Scott W. Skavdahl
United States District Judge