JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
WILLIAM E. GERARD
JODY H. SCHWARZ
REBECCA JAFFE
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0475
(202) 305-0245
(202) 305-0258
william.gerard@usdoj.gov
jody.schwarz@usdoj.gov
rebecca.jaffe@usdoj.gov
DAVID A. CARSON
South Terrace – Suite 370
999 18th Street
Denver, CO 80202
303-844-1349
david.a.carson@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, et al., | ) | |
| | ) | Civil Case No. 15-CV-43-SWS |
| *Petitioners*, | ) | |
| v. | ) | (consolidated with No. 15-CV-41-SWS) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | **FEDERAL RESPONDENTS'** |
| THE INTERIOR, et al., | ) | **OBJECTION TO INDUSTRY** |
| | ) | **PETITIONERS' BILL OF COSTS** |
| *Respondents*. | ) | |
| | ) | |

## INTRODUCTION

Federal Respondents submit their objection to Petitioners' Independent Petroleum Association of America and Western Energy Alliance (collectively the "Industry") Bill of Costs, ECF No. 232.  On July 6, 2016, Industry Petitioners filed their Bill of Costs for a total amount of $7,623.50 seeking reimbursement for clerk fees and fees for exemplification and costs of making copies.  Under the circumstances of this case, the Clerk should deny or reduce the costs sought by Industry Petitioners.  Should the Clerk elect to award costs to Industry Petitioners, the costs sought for exemplification and costs of making copies should be rejected because they are not reimbursable.  The Clerk of Court should therefore enter an award that substantially reduces the costs sought by Industry Petitioners as set forth below.

## STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 54(d)(1) contemplates a prevailing party recovering costs from the United States, "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."  Here, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1), provides that authorization.  *See Fruitt v. Astrue*, 604 F.3d 1217, 1220 (10th Cir. 2010), *on subsequent appeal*, 418 F. App'x 707 (10th Cir. 2011).  As a waiver of sovereign immunity, EAJA must be strictly construed.  *Ardestani v. INS*, 502 U.S. 129, 137 (1991) (citation omitted).  Unlike Rule 54(d), "EAJA does not create a presumption in favor of an award of costs to the prevailing party," but rather "vests the trial court with considerable discretion to award costs."  *Neal & Co., Inc. v. United States*, 121 F.3d 683, 687 (Fed. Cir. 1997).

Under Rule 54(d), a prevailing party bears the burden of demonstrating the amount of its recoverable costs.  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002); *see also* Fed. R. Civ. P. 54(d)(1).  Items proposed by prevailing parties "'as costs should always be given

careful scrutiny.'" *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)). As the prevailing party, Industry Petitioners "assume[] the risk of failing to meet that burden." *Allison*, 289 F.3d at 1248-49 (citation omitted). Further, costs allowable under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920. *See Sorbo v. UPS*, 432 F.3d 1169, 1179 (10th Cir. 2005) (citations omitted). Under Rule 54(b), costs may be disallowed or reduced in cases where, among other things, the prevailing party has been only partially successful; a prevailing party's recovery is insignificant; the costs are unreasonably high or unnecessary; or the issues are close and difficult. *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citation omitted).

Under the Court's local rules, a party seeking costs must file a bill of costs using AO Form 133, which includes an itemized schedule of costs incurred, documentation for all costs claimed, and a statement that such schedule is correct and that the charges were actually and necessarily incurred. Local Rule 54.2(a).

## ARGUMENT

### A.    Under the Circumstances, Costs Should Not Be Awarded, or Should Be Significantly Reduced.

As noted above, unlike Rule 54(b), EAJA does not allow for a presumption in favor of awarding costs. *Neal & Co., Inc.*, 121 F.3d at 687. Specifically, 28 U.S.C. § 2412(a)(1), states:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, *may* be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action . . .

(emphasis added). Further, because EAJA does not allow for a presumption in favor or a costs award, it:

3

vests the trial court with considerable discretion to award costs.  This discretion authorizes the trial court to consider a wide variety of factors, including the conduct of the parties during trial, in reaching its costs decision . . . .  Moreover, without a presumption in favor of a costs award, the [trial court] is under no obligation to explain a deviation from the norm.   Rather a standard of wide discretion presupposes that the trial court may weigh many different factors without an explanation of its full decisional process.  Indeed, the impressions created during lengthy litigation may defy accurate cataloguing.  In any event, the statute envisions that the trial court may choose to award costs or not in its full discretion.

*Neal & Co., Inc.*, 121 F.3d at 687 (internal citation omitted).

Here, there are a variety of reasons why the costs claimed by Industry Petitioners should be denied, or at least substantially reduced.  This case presented a variety of novel issues of law (including, inter alia, questions related to whether the Bureau of Land Management ("BLM") has authority to regulate hydraulic fracturing on federal and Indian lands and whether BLM's tribal-consultation policy is legally enforceable against the agency).  In addition, the case presented questions of fact, including whether there was substantial evidence to support BLM's conclusion that hydraulic fracturing poses a risk of groundwater pollution and whether BLM provided tribes with early and meaningful opportunities to consult, and Federal Respondents made a good faith defense of their claims.  Finally, the nearly $8,000 in costs sought by Industry Petitioners, both in general, and for the specific reasons discussed below, is unreasonable.  Under such circumstances, even under Rule 54(d), it would be permissible to deny or reduce the costs sought by Industry Petitioners.  *See Cantrell*, 69 F.3d at 459.  Given the significantly greater discretion provided under the EAJA, denial, or at least a substantial reduction, of Industry Petitioners costs is appropriate.

**B.     Even if Industry Petitioners Are Entitled to Any Costs Under EAJA, Their Request for Fees for Exemplification and Costs of Making Copies Should be Denied.**

Even if the Clerk elects to award costs to Industry Petitioners, certain costs they seek for "exemplification and the costs of making copies" should be rejected.[1]  28 U.S.C. § 1920(4). Under Section 1920(4), "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs in the Court's discretion.  *Id.*  Materials are not "necessarily obtained" when they merely add to the convenience of the parties.  *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998). The party seeking copy costs bears the burden to establish that copy costs satisfy this standard. *Id.*

Local Rule 54.2(f)(4) further provides that costs for "exemplification" or "of making copies of any materials . . . *shall be limited* to those documents or records *used and admitted at trial or made part of the administrative record* in cases involving review of agency action." Local Rule 54.2(f)(4) (emphasis added).  Courts may adopt rules governing their practice.  Local rules "must be consistent with – but not duplicate – federal statutes[.]"  Fed. R. Civ. P. 83(a)(1). District courts may apply a more stringent local rule governing the taxation of costs when "'no special circumstances suggest that the local rule should not be applied.'"  *Guidance Endodontic, LLC v. Dentsply Int'l, Inc.*, 791 F. Supp. 2d 1014, 1019-20 (D. N.M. 2011) (quoting *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986)).

Here, Industry Petitioners seek $7,023.50 for fees related to exemplification and the costs of making copies.  ECF No. 232 at 1 of 13.  In support of their claim, Industry Petitioners attach two invoices to their Bill of Costs.  The first invoice, dated August 31, 2015, is in the amount of

---

[1] Federal Respondent do not object to the $600 requested for "Fees of the Clerk."

$6761.44 for "EDD – Native Data Processing." *Id.* at 5 of 13.  The invoice is from Complete

Discovery Source ("CDS")[2] and billed to Baker & Hostetler, LLP. *Id.*  The accompanying

Billing Summary provides that the amount charged is for "[i]mporting data to Relativity; load

newly processed data to database; [and] full [quality check] of data loaded and properly update

media tracking tab." *Id.* at 8 of 13.  The Billing Summary also notes that the work was

performed in reference to "Independent Petroleum – Discs for Processing." *Id.*

The second invoice, dated January 31, 2016, is in the amount of $1,732.50 – Industry

Petitioners seek reimbursement of $262.50 – and also from CDS and billed to Baker & Hostetler,

LLP.  ECF No. 232 at 10 of 13.  The portion of the invoice that Industry Petitioners seek

reimbursement is for "Project Management Time." *Id.*  The accompanying Billing Summary

provides that the amount charged was to:

> Prepare new data for processing/loading.  Prepared multiple reports and exchanged
> multiple email with client regarding incoming data contents and specific loading
> instructions. [] Communication with client regarding case (email or telephone);
> Discussion regarding workflow for case; Discussion regarding issues/questions
> related to database; Discussion regarding status of case, new data, change in
> protocol, change in deadlines; Create and run complex saved search(es) based on
> client request[.]

*Id.* at 11 of 13.  The Billing Summary also notes that the work was performed in reference to the

"Independent Petroleum Relativity Database." *Id.*

### 1. Industry Petitioners' Costs Are Not Recoverable Under the Local Rules.

Industry Petitioners fail to meet their burden of proving that the costs they seek are

authorized.  As an initial matter, the invoices and billing summaries provide no explanation or

elaboration about the nature of the charges.  The invoices and billing summaries merely provide

---

[2] CDS provides electronic discovery litigation technology and hosting services, among other
things. *See* http://cdslegal.com/overview/ (last accessed on July 18, 2016).

that the work was performed in reference to the "Independent Petroleum Relativity Database" for loading data to a Relativity database and communicating with counsel.  Based on the nature of this case as one challenging administrative action, Federal Respondents surmise that the invoices appear to be charges for work performed by CDS to create a database for the administrative record documents provided by Federal Respondents.  But, to be clear, Industry Petitioners provide no support for this supposition, as they must.  Therefore, Industry Petitioners fail to meet their burden to demonstrate the amount of its recoverable costs and the Clerk should deny their request.

Industry Petitioners also fail to demonstrate that the costs are recoverable under the District's Local Rules.  Local Rule 54.2(f)(4) specifically limits the taxing of fees for exemplification and costs of copies to documents or records either (1) used and admitted at trial; or (2) made part of the administrative record in cases involving review of agency action.  From this rule it is clear that the district court is only empowered under its own rules to grant costs in these two situations.  *See Marathon Ashland Pipe Line LLC v. Md. Cas. Co.*, 243 F.3d 1232, 1254 (10th Cir. 2001) (finding that Local Rule 54.2(f)(2)(D) was a more stringent local district court rule that allowed costs only for depositions received in evidence and thus it was clear the district court only had authority under its rules to grant costs in three separate situations).

Industry Petitioners' request does not meet either situation.  In this case, Industry Petitioners sought review of final agency action and there was no trial.  *See* June 21, 2016, Order on Petitions for Review of Final Agency Action ECF No. 219.  Thus, Industry Petitioners' request for costs is not for documents and records used and admitted at trial.  Nor do Industry Petitioners request fees for copying documents and records made part of the administrative record; Industry Petitioners cannot make this request.  Federal Defendants, not Industry

Petitioners, incurred all costs related to preparing, digitizing, producing, lodging, and serving the administrative record in this case.[3]  Industry Petitioners would not have incurred costs in making documents and records "part of the administrative record" because Federal Respondents, as with any challenged agency action, bore the responsibility for compiling and producing the administrative record.  Accordingly, Industry Petitioners' request for $7,023.50 in copies should not be allowed.

## 2.   Industry Petitioners' Costs Are Not Recoverable Generally Under Section 1920.

Industry Petitioners' costs are not recoverable under the general statutory authority of section 1920(4).  For fees to be taxable as costs for copies, the costs sought to be reimbursed must fit into one of two categories: they must be costs of exemplification or of necessary copies. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). First, Industry Petitioners' costs are not taxable as costs of exemplification.  Courts have interpreted "exemplification" to mean, more broadly, the production of illustrative evidence or, more narrowly, the authentication of public records.  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165-66 (3d Cir. 2012) (*comparing Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002), with *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir.

---

[3] When Federal Respondents lodged and certified the administrative record on August 21-22, 2015, they also "served on counsel for each of the parties to this litigation" discs containing a hyperlinked index and administrative record documents, "along with a Privilege Log in printed form."  ECF No. 113.  Likewise, when Federal Respondents lodged and certified the corrected administrative record on January 19, 2016, they also "served on counsel for each party a thumb drive containing the corrected Administrative Record (including, in electronic form, the record documents, Index, Privilege Log, a log of documents stricken from the corrected record, and a log of documents previously withheld and now released), along with a Privilege Log in printed form."  ECF No. 184.  The index and privilege log were both hyperlinked to the documents in the administrative record.  For both the August 22, 2015, administrative record and the January 19, 2016, corrected administrative record, Federal Respondents served two sets of these materials on counsel for Industry Petitioners, at their request.

2000)).  Even under the broadest reading of "exemplification," the invoices submitted do not

support an assertion that CDS produced illustrative evidence or authenticated public records.  As

such, these charges are not recoverable as an "exemplification."

Second, Industry Petitioners' costs are not taxable as "materials necessarily obtained for

use in the case."  Although Section 1920(4) allows clerks to tax costs for making copies of

materials other than papers, *see Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*,

2 F. Supp. 3d 1306, 1309-10 (N.D. Ga. 2014) (reviewing history of electronic discovery costs

recoverable under section 1920(4)), it does not allow a prevailing party to recover costs for

materials that merely added to the convenience of counsel.  *In re Williams Sec. Litig.*, 558 F.3d at

1147-48 (quotations omitted).  Here, Industry Petitioners appear to seek costs for importing and

processing the administrative record to create a database, and for discussions related to that

work.  These costs, incurred to increase "the efficiency of [defendants'] own litigation work, to

image source drives and upload the images to a document database for faster filtering, searching,

and review[,]" are not taxable.  *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320,

1330 (Fed. Cir. 2013) (finding that services billed as project management, keyword searching,

and acquiring, installing, and configuring a new data-hosting server were clearly incurred for the

convenience of counsel and were not recoverable under section 1920(4)); *see also Camesi v.

Univ. of Pittsburgh Med. Ctr.*, 818 F.3d 132, 137 (3d Cir. 2016) (noting that "[a]s with pre-

digital era discovery, electronically stored information [("ESI")] entails 'a number of steps

essential to the ultimate act of [making copies]'" that are not taxable; "with ESI, only the

'functional equivalent of making copies' is taxable" (quoting *Race Tires Am., Inc.*, 674 F.3d at

169)).

The Supreme Court has held that taxable costs under Section 1920 are "modest in scope" and "limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).  Industry Petitioners seek costs that go beyond minor, incidental expenses.  Industry Petitioners seek to recover costs expended solely for their convenience.  This is not what section 1920(4) provides.  Accordingly, Industry Petitioners' request for $7,023.50 in copies should not be allowed.

## CONCLUSION

Industry Petitioners have failed to meet their burden of demonstrating that they are entitled to the costs they seek, and as a result, the Clerk should reduce the costs sought by Industry Petitioners as set forth above.

Respectfully submitted this 21st day of July 2016.

> */s/ Jody H. Schwarz*
> JODY H. SCHWARZ
> WILLIAM E. GERARD
> REBECCA JAFFE
> P.O. Box 7611
> Washington, D.C. 20044
> (202) 305-0475
> (202) 305-0245
> (202) 305-0258
> william.gerard@usdoj.gov
> jody.schwarz@usdoj.gov
> rebecca.jaffe@usdoj.gov
> DAVID A. CARSON
> U.S. Department of Justice
> Environment and Natural Resources Division
> South Terrace – Suite 370
> 999 18th Street
> Denver, CO 80202
> Telephone: 303-844-1349
> Facsimile: 303- 844-1350
> david.a.carson@usdoj.gov
>
> CHRISTOPHER A. CROFTS
> United States Attorney

/s/ Nicholas Vassallo
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

*Attorneys for Federal Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July 2016, a copy of the foregoing **Federal Respondents' Response to Industry Petitioners' Bill of Costs** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


 /s/ Jody H. Schwarz